686 So.2d 680 (1996)
Karl B. ZOPF, Appellant,
v.
Harry K. SINGLETARY, Jr., Secretary, Florida Department of Corrections, Appellee.
No. 95-3480.
District Court of Appeal of Florida, First District.
December 20, 1996.
Rehearing Denied February 7, 1997.
Pro se, for Appellant.
Susan A. Maher, Deputy General Counsel, Department of Corrections, Tallahassee, for Appellee.
PER CURIAM.
Karl B. Zopf appeals from an order denying his petition for writ of mandamus seeking to compel the Florida Department of Corrections (the Department) to award him basic gain-time pursuant to section 944.275, Florida Statutes (1993). The appellant contends that the Department erred as a matter of law in interpreting section 794.011(7), Florida Statutes (1993), so as to include him within the subsection's provisions and, on that basis alone, to classify him as ineligible for basic gain-time. Having determined that Zopf is not a person covered by subsection (7), we hold that the trial court erred in finding that Zopf had failed to show a clear legal right to be considered eligible for basic gaintime. We reverse the order and remand for further proceedings not inconsistent with this opinion.
In February 1993, the state charged Zopf with sexual battery upon a person under 12 years of age under section 794.011(2), Florida Statutes (Count I); a lewd assault upon a child under section 800.04(1), Florida Statutes (Count II); and a lewd act in the presence *681 of a child under section 800.04(4), Florida Statutes (Count III). The date of the offenses was October 8, 1992. The appellant entered a plea of nolo contendere in Count I to attempted sexual battery, a crime under section 794.011(2), Florida Statutes, as modified by the "attempt" statute, section 777.04, Florida Statutes. As the result of his plea, the charges in Counts II and III were dropped. In June 1993, the trial court sentenced Zopf to 22 years in prison.
The gain-time statute provides in pertinent part:
The department is authorized to grant deductions in sentences in the form of gain-time in order to encourage satisfactory prisoner behavior, to provide incentive for prisoners to participate in productive activities, and to reward prisoners who perform outstanding deeds or services.
§ 944.275(1), Fla. Stat. Subsection (4)(a) of that statute provides that "[a]s a means of encouraging satisfactory behavior, the department shall grant basic gain-time at the rate of 10 days for each month of each sentence imposed on a prisoner, ..." A different statute provides in pertinent part that "[a] person who is convicted of committing a sexual battery on or after October 1, 1992, is not eligible for basic gain-time under s. 944.275." § 794.011(7), Fla. Stat. (1993).
In calculating the appellant's maximum and tentative release dates, the Department determined that because "inmate Zopf was convicted of an offense under Florida Statutes Section 794.011," he is prohibited on that basis from receiving basic gain-time under section 944.275, Florida Statutes. Challenging the denial of basic gain-time, Zopf utilized the Department's administrative grievance process claiming that because he was convicted of attempted sexual battery, and was not "convicted of committing a sexual battery" as section 794.011(7), Florida Statutes (1993), contemplates, he is not covered by subsection (7). Upon the denial of his grievances, the appellant filed a petition for writ of mandamus in the trial court seeking an order to compel the Department to reconsider his eligibility and to apply basic gain-time. The Department responded to the circuit court's show-cause order by seeking a stay of proceedings during the 1995 session of the Florida Legislature to afford the legislature an opportunity to consider clarifying legislation that would address this specific issue. After the proposed clarifications failed to make it to the floor of the legislature and were not passed, the Department withdrew its motion to stay and responded to the petition. The Department argued below and on appeal that section 794.011(7), Florida Statutes (1993), applies to any offense committed under section 794.011, Florida Statutes (dealing with "sexual battery"), notwithstanding that the sexual battery "may be modified" by the provisions of the "attempt" statute.
The trial court denied Zopf's petition and stated in pertinent part:
The court finds that the phrase "convicted of committing a sexual battery" includes convictions for attempted sexual battery under Section 794.011 for purposes of gain-time. The fact that Section 777.04, Florida Statutes, provides for a lesser degree of punishment for attempts than for convictions of the actual offense does not affect the obvious legislative intent of Section 794.011(7) of preventing the early release of sexual offenders under that statute. Under the statutory provisions applicable in this case, the plaintiff has failed to show a clear legal right to the award of basic gain-time.
After examining section 794.011(7), Florida Statutes (1993), we have concluded that the language referring to "[a] person who is convicted of committing a sexual battery" is "clear and not entirely unreasonable or illogical in its operation," so that we lack the "power to go outside the statute in search of excuses to give a different meaning to words used in the statute." Vocelle v. Knight Bros. Paper Co., 118 So.2d 664, 667 (Fla. 1st DCA 1960). If the legislature had intended for the provisions of that subsection to apply also to those persons, like the appellant, who were convicted of attempted sexual battery, then it would have been a simple matter to state it plainly in the statute. Where a statute specifically enumerates those persons to be covered, ordinarily the statute will be construed as excluding from *682 its operation all those other persons not expressly mentioned. See DeSisto College, Inc. v. Town of Howey-in-the-Hills, 706 F.Supp. 1479, 1495 (M.D.Fla.), aff'd, 888 F.2d 766 (11th Cir.1989); Ideal Farms Drainage Dist. v. Certain Lands, 154 Fla. 554, 19 So.2d 234, 239 (1944). Nothing in the wording of subsection (7) requires any particular expertise for purposes of interpretation. We need simply apply the fundamental rule of statutory construction that, ordinarily, words of common usage are to be construed as intended to have their plain, ordinary meaning. As no particular agency expertise is required for this purpose, this fact "substantially mitigates the application of the rule calling for great deference to the agency's interpretation of the statute." See, e.g., State Bd. of Optometry v. Florida Soc. of Ophthalmology, 538 So.2d 878, 885-86 (Fla. 1st DCA 1989); Schoettle v. Dep't of Admin., 513 So.2d 1299, 1301 (Fla. 1st DCA 1987). Unless and until the legislature elects to amend subsection (7) so as to include those persons convicted of attempted sexual battery, we cannot as a matter of law impose upon that statute the particular meaning suggested by the Department. State v. Llopis, 257 So.2d 17, 18 (Fla. 1971) ("[P]enal statutes are to be strictly construed in favor of the person against whom the penalty is sought to be imposed.") (emph. in orig.); Florida State Racing Commission v. McLaughlin, 102 So.2d 574, 575 (Fla.1958) ("[W]hen a statute has been drafted in such manner as to clearly convey a specific meaning the only proper function of the court is to effectuate this legislative intent."). Our holding does not necessarily entitle Zopf to basic gain-time. Rather, the Department may not rely on subsection (7) to deny Zopf's eligibility automatically.
REVERSING order and REMANDING for further proceedings not inconsistent with this opinion.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.