DANAHY, PAUL W., (Senior) Judge.
The State appeals Damon Scanlon’s downward departure sentences. We reverse because the trial court did not provide valid reasons to support the departure.
In August 1996, Scanlon was sentenced to forty-eight months of probation in case number 96-3474 for burglary of a dwelling and third degree grand theft. He subsequently violated probation by committing new offenses of burglary and grand theft charged in case no. 97-9050. Following a plea agreement, in case number 96-3474, the trial court imposed a sentence of suspended five years in prison followed by four years of probation. In case number 97-9050, the court sentenced Scanlon to a suspended sentence of five years in prison followed by two years of probation. The sentences were to run concurrently. The sentences were a downward departure, and the grounds given were that the sentences were the result of a legitimate plea bargain and the need for restitution outweighed the need for a prison sentence.
In March 1998, Scanlon again violated probation and appeared before the trial court for adjudication and sentencing. The sentencing guidelines called for a sentence of 83.6 months’ incarceration with a minimum of 62.7 months and a maximum of 104.5 months. The State asked the court to sentence Scan-lon to the five-year prison sentence which previously had been suspended. Instead, in each case, the trial court sentenced him to five years in prison suspended after three, followed by two years of probation for the burglary offenses and to three years in prison for the grand thefts. All sentences were to run concurrently. The trial court’s only reason for departure, which was stated orally, was Scanlon’s youthful age.
Scanlon’s age is not a valid reason for departure. See State v. Licea, 707 So.2d 1155 (Fla. 2d DCA 1998); State v. Williams, 637 So.2d 45 (Fla. 2d DCA 1994). Accordingly, we reverse. Ordinarily, a trial court’s failure to state valid reasons for departure requires us to remand for resentencing within the guidelines. See Licea; Williams. However, because Scanlon was originally given a suspended sentence, the trial court was limited to imposing the suspended portion of the sentence upon revocation. We, therefore, reverse the sentences and remand for imposition of the five-year sentences which were originally suspended.
Reversed and remanded.
THREADGILL, A.C.J., and ALTENBERND, J., concur.