PETERSON, J.
Allen McArthur was charged with committing a life felony sexual battery[1] on Septem *334 ber 6,1993. He ultimately pled no contest to a second degree felony sexual battery.[2] Pursuant to subsection 794.011(7), he was automatically denied basic gain time. The statute makes gain time unavailable to a person who commits a sexual battery after October 1,1992.
McArthur appeals the denial of his petition for habeas corpus in which he alleges that the Department of Corrections is violating his constitutional equal rights because a person who is convicted of an attempted sexual battery can be convicted of a first degree felony and still obtain basic gain time, and he was only convicted of a second degree felony. McArthur is correct that a person convicted of attempted sexual battery, even when such crime is a first degree felony, is still eligible for basic gain time, even though he, as one who was convicted of a completed act of sexual battery, is not. The legislature has decided that persons convicted of completed acts of sexual battery are not entitled to gain time while those convicted only of an attempt do not lose gain time. Zopf v. Singletary, 686 So.2d 680 (Fla. 1st DCA 1996) (if the legislature had meant section 794.011(7) to include those who are convicted of attempted sexual battery, legislature would have so stated).
We agree with the trial court that it was the legislature’s prerogative to describe the crimes and prescribe the penalties it deems appropriate for those crimes.
AFFIRMED.
W. SHARP, and ANTOON, JJ., concur.

. § 794.011 (3), Fla. Stat. (1993).

. § 794.011(5), Fla. Stat. (1993).