766 So.2d 374 (2000)
Eric LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-3538.
District Court of Appeal of Florida, First District.
August 1, 2000.
*375 Nancy A. Daniels, Public Defender; Glenn P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Eric Lee (Lee) pleaded no contest to attempted sexual battery, reserving the right to appeal the issue considered here. Adjudication of guilt was withheld and he was placed on community control for two years under conditions enumerated in section 948.03(5)(a), Florida Statutes (1999). This statutory section requires imposition of certain conditions when the offense committed is in violation of chapter 794, Florida Statutes (1997) (sexual battery), as well as other chapters not at issue here. Lee seeks review of his sentence imposing these conditions.
Lee argues that the conditions were illegally imposed since he was not convicted of sexual battery, an offense under chapter 794, but rather attempted sexual battery, an offense under chapter 777, Florida Statutes (1997). We agree and reverse.
This court earlier considered a similar issue in Zopf v. Singletary, 686 So.2d 680 (Fla. 1st DCA 1996). We held in that case that the language of section 794.011(7), Florida Statutes (1993), making those convicted of sexual battery ineligible for gain-time, was not applicable to inmates convicted of attempted sexual battery. The rationale of Zopf is equally applicable to the instant case. Whether imposition of the conditions at issue are appropriate for those convicted of attempted sexual battery is a legislative matter when, as here, the statute at issue is free of ambiguity.
Accordingly, we reverse that portion of Lee's sentence imposing conditions pursuant to section 948.03(5)(a) and remand to the trial court with instructions to strike the conditions at issue. Lee need not be present for this action.
REVERSED and REMANDED.
ERVIN, LAWRENCE and BROWNING, JJ., CONCUR.