PER CURIAM.
Appellant Robert Muzzo entered a negotiated plea of no contest to violating section 943.0435(3), Florida Statutes (2000), which requires a sexual offender to report to the Department of Motor Vehicles within forty-eight hours after making the report required by section 943.0435(2) after a change in permanent or temporary residence. The terms of the plea agreement were that the defendant would receive two years probation, without special conditions, with adjudication left to the court’s discretion.
Over Muzzo’s objection, the trial court imposed two special conditions of probation not contemplated by the plea agreement. The imposition of the special eondi- *1272 tions would have been mandatory if section 948.03(5), Florida Statutes (2000) applied. See § 948.03(5)(a)3 & 5, Fla. Stat. (2000). However, the crime to which Muzzo entered his plea is not one of the crimes enumerated in section 948.03(5)(a). We reverse that portion of Muzzo’s sentence imposing the two conditions of probation at issue and remand to the trial court to strike those conditions. See Lee v. State, 766 So.2d 374 (Fla. 1st DCA 2000).
DELL, KLEIN and GROSS, JJ., concur.