791 So.2d 1228 (2001)
STATE of Florida, Appellant,
v.
Walter THURMAN, Appellee.
No. 5D00-3122.
District Court of Appeal of Florida, Fifth District.
August 17, 2001.
*1229 Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellee.
GRIFFIN, J.
In 1999, the defendant below, Walter Thurman ["Thurman"], was charged with performing a lewd act upon a child pursuant to section 800.04(1), Florida Statutes (1999). He entered into a plea agreement in which he agreed to plead no contest to attempted lewd act upon a child, section 777.04, Florida Statutes (1999), and a sentence of five years probation with standard sex offender conditions.
On March 29, 2000, Thurman violated probation by selling alcohol from his home without a license and was given time served. On August 10, 2000, his probation officer filed another affidavit of violation alleging that Thurman was living within 1000 feet of where children congregate and that he had failed to complete a mandatory sex offender program. On September 25, 2000, Thurman filed a Motion to Dismiss the affidavit of violation of probation, asserting that the sex offender conditions specified in section 948.03(5)[1], Florida Statutes (1999), apply only to defendants convicted of sex offenses, and he was convicted only of attempt. The trial court agreed and granted the motion, basing its decision on Lee v. State, 766 So.2d 374 (Fla. 1st DCA 2000). The State appeals and we reverse.
The State urges that Thurman cannot complain that the terms of probation were improper because he did not appeal them, and purports to complain only after violating the probation. Also, Thurman agreed to sex offender probation as part of the plea bargain, which distinguishes this case from Lee.
The defendant in Lee pled no contest to attempted sexual battery, reserving his right to appeal. He was placed on community control for two years under conditions enumerated in section 948.03(5)(a), Florida Statutes (1999). Lee urged that the conditions were illegally imposed since he was *1230 not convicted of sexual battery, but rather attempted sexual battery. The First District initially agreed with Lee and remanded to the trial court with instructions to strike the conditions.
The First District has now receded from Lee, in Wilcox v. State, 783 So.2d 1150 (Fla. 1st DCA 2001)(en banc). We agree with Wilcox that it was not improper for the trial court to subject Thurman to sex offender probation conditions. We also see no reason why the trial court could not, in its discretion, impose the conditions enumerated in section 948.03 on a defendant convicted of an attempted lewd act. Thurman agreed to imposition of these conditions and also waived any objection by waiting until after he had violated one of the conditions to challenge the validity of the conditions. See Gallagher v. State, 421 So.2d 581 (Fla. 5th DCA 1982); Schoeller v. State, 791 So.2d 1128 (Fla. 4th DCA 2000); Matthews v. State, 736 So.2d 72 (Fla. 4th DCA 1999). It was error to dismiss the probation violation proceeding.
REVERSED and REMANDED.
SAWAYA and PALMER, JJ., concur.
NOTES
[1] According to this section, special conditions must be imposed for probationers who are placed under supervision for violation of chapter 794, § 800.04, § 827.071, or § 847.0145.