POLEN, C.J.
Ronald Dennis Andrews timely appeals after the court imposed sexual offender probation at his resentencing hearing. (He had originally pled nolo contendré to three counts of lewd, lascivious, or indecent act upon a child.) Andrews’ original sentence was for 10 years in prison followed by 5 years of probation. On resen-tencing, he received 63.6 months in prison followed by 5 years sexual offender probation. He now argues that the court’s resentencing him to sexual offender probation under section 948.03(5), Florida Statutes (1999), enhanced his original sentence and, thus, violated double jeopardy.
This and other courts have addressed and rejected similar issues raised before. See, e.g., Simmons v. State, 753 So.2d 762 (Fla. 4th DCA 2000)(holding section 943.0435, Florida’s sexual offender statute, was regulatory in nature); Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998)(holding registration requirements imposed on sexual predators were not punitive, and therefore did not violate prohibition against double jeopardy, where registration was intended to regulate conduct of violent sex offenders, and where registration was rationally related to legislature’s intent to reduce incidences of sexual predatory behavior and protect the public), rev. den., 722 So.2d 192 (Fla.1998); Rickman v. State, 714 So.2d 538 (Fla. 5th DCA 1998)(holding registration requirements of Florida Sexual Predators Act were procedural and regulatory in nature, and, therefore, did not constitute “punishment” in violation of ex post facto clause). Because the probation requirements of section 948.03(5) are mandatory, Muzzo v. State, 773 So.2d 1271 (Fla. 4th DCA 2000), because this section imposes no affirmative disability or restraint on defendants, and because its purpose is remedial and regulatory rather than punitive, we hold that Andrews’ resentence does not violate double jeopardy.
AFFIRMED.
STEVENSON and TAYLOR, JJ., concur.