821 So.2d 1099 (2002)
Michael DONOVAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2970.
District Court of Appeal of Florida, Fifth District.
May 31, 2002.
Rehearing Denied July 25, 2002.
*1100 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Michael Donovan appeals his judgments and sentences which were entered by the trial court after a jury found him guilty of committing the crimes of battery and attempted sexual battery. We reverse Donovan's battery conviction because it was not a permissive lesser included offense of the kidnapping charge initially filed against Donovan. In all other aspects, we affirm.
Donovan was charged with committing the crimes of kidnapping and attempted sexual battery. The charges arose out of an incident involving Donovan and K.B., a seventeen year old female. The evidence at trial established that K.B. was walking home when Donovan offered her a ride. K.B. accepted the offer and rode with Donovan to a convenience store where he purchased some wine coolers and a bottle of beer. Donovan told K.B. he would take her home; however, once he began driving, he passed all the turnoffs leading to K.B.'s house and continued driving even after she told him to turn around. Donovan drove the car to a remote area and parked. He tried to grab K.B.'s breast, neck and back but she told him to stop. Donovan began to talk about oral sex, while grabbing and rubbing his groin. He then attempted to pull K.B.'s head down toward him, at which point she threw a wine cooler at him and jumped out of the car. Based on this evidence Donovan was convicted on the attempted sexual battery charge and on the lesser included offense of battery.
Donovan first challenges his convictions, contending that the trial court erred in denying his motion for judgment of acquittal as to the attempted sexual battery charge because the State failed to submit evidence that he made an "overt act" sufficient to prove the crime. He maintains that the evidence which indicated that he pulled K.B. towards him as he talked about oral sex fell short of that which is required to prove attempted sexual battery. We disagree.
In Espiet v. State, 797 So.2d 598, 601 (Fla. 5th DCA 2001), this court discussed the standard of review of denial of motion for judgment of acquittal:
The purpose of a motion for judgment of acquittal is to test the legal sufficiency of the evidence presented by the state. See State v. Rivera, 719 So.2d 335, 337 (Fla. 5th DCA 1998). In moving for a judgment of acquittal, a defendant admits all facts and evidence adduced at trial, and all reasonable inferences that may be drawn from such evidence must be viewed in a light most favorable to the state. Beasley v. State, 774 So.2d 649 (Fla.2000) (quoting Lynch v. State, 293 So.2d 44, 45 (Fla.1974)); Hoffman v. State, 708 So.2d 962 (Fla. 5th DCA 1998).
In order to establish an attempt to commit a crime the State must prove: (1) a specific intent to commit a particular crime, and *1101 (2) an overt act toward its commission. See Geldreich v. State, 763 So.2d 1114 (Fla. 4th DCA 1999). Section 794.011(1)(h) of the Florida Statutes (1999) defines sexual battery as including "oral, anal, or vaginal penetration by, or union with the sexual organ of another ..." Here, in viewing the evidence in the light most favorable to sustain the jury's verdict, we conclude that the State presented sufficient evidence to send the case to the jury on the attempted sexual battery charge because the evidence supported the conclusion that Donovan committed acts in an attempt to force K.B. to perform a sexual act on him.
Donovan next argues that it was error for the trial court to instruct the jury, over his objection, that battery was a permissive lesser included offense of the kidnapping charge because the information which was filed against him failed to set forth all of the elements of battery. Specifically, the information failed to allege that an unlawful touching had occurred.[1] We agree.
Under Florida Rule of Criminal Procedure 3.510(b), the trial court has discretion to determine whether the charging document and the evidence presented at trial support an instruction on a permissive lesser included offense. State v. Espinosa, 686 So.2d 1345 (Fla.1996). However, in State v. Von Deck, 607 So.2d 1388 (Fla. 1992), our Supreme Court held that an instruction cannot be given on a permissive lesser included offense unless both the accusatory pleading and the evidence at trial support the commission of that lesser included offense.
Here, the information filed against Donovan alleged the charge of kidnapping as follows:
COUNT 1: In the County of BREVARD, State of Florida, on July 11, 1999, Michael Curtis Donovan, did forcibly, secretly or by threat, confine abduct or imprison another person [K.B.] against her will and without lawful authority, with intent to commit or facilitate the commission of a felony, to wit: SEXUAL BATTERY, contrary to Sections 787.01(1)(a)(2), 787.01(2), Florida Statutes ...
While the State presented sufficient evidence to prove that Donovan did touch K.B. in his attempt to keep her in the car, the State failed to allege in the information that an unlawful touching had occurred. To that end, the mere allegation that a kidnapping was committed was insufficient, by itself, to allege that a battery was also committed because the crime of kidnapping does not always include an unlawful touching. For example, a kidnapping can be accomplished when a person is threatened to remain somewhere against his or her will. See Biggs v. State, 745 So.2d 1051 (Fla. 3d DCA 1999)(holding evidence that defendant confined five victims with intent to terrorize them was sufficient to support kidnapping conviction). Accordingly, we must reverse Donovan's battery conviction because it was error for the trial court to instruct the jury on that permissive lesser included offense. See Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983)(holding that aggravated assault was not a lesser included offense in prosecution for armed burglary, attempted robbery, and use of a firearm in the commission *1102 of a felony, because the allegation in the information that the accused "carried a firearm" was insufficient to charge the elements of aggravated assault).
Donovan also argues that he was entitled to receive a new trial because a state witness improperly vouched for K.B.'s credibility. We disagree.
During re-direct examination the State asked Officer Dominicis to explain how K.B.'s statements to her were corroborated by the evidence that she found during her investigation. Officer Dominicis responded as follows:
So with corroboration of everything [K.B.] told me in her testimony, which is evidence, I was able to show that some things did happen and to show me that she was telling me the truth. Or what I believe to be the truth.
This comment was not a comment on the truthfulness of K.B.'s trial testimony, but rather, merely a description of the police officer's investigation which corroborated what K.B. had told her. As such, it was properly admitted.
Donovan also appeals his sentence, arguing that the trial court erred in imposing sex offender conditions on his probation. To support this claim the defendant cites to Lee v. State, 766 So.2d 374 (Fla. 1st DCA 2000) where the First District held that it was impermissible to impose conditions of probation authorized for persons convicted of sexual battery on persons convicted of "attempted" sexual battery. We reject this argument because, in Wilcox v. State, 783 So.2d 1150 (Fla. 1st DCA 2001), the First District receded from its decision in Lee and held that attempted capital sexual battery was an offense under the sexual battery statute, rather than merely an offense under the attempt statute and, therefore, the trial court could properly impose sex offender conditions of probation upon defendant's conviction of attempted capital sexual battery. In State v. Thurman, 791 So.2d 1228 (Fla. 5th DCA 2001), we adopted the reasoning in Wilcox, holding that it was not improper for the trial court to subject a defendant to sex offender probation conditions when he pled no contest to an attempted lewd act upon a child.
Judgment and Sentence on attempted sexual battery AFFIRMED. Judgment and Sentence on battery REVERSED.
GRIFFIN and PLEUS, JJ., concur.
NOTES
[1] Section 784.03 of the Florida Statutes (1999), defines the crime of battery as follows:

784.03 Battery; felony battery.
(1)(a) The offense of battery occurs when a person:
1. Actually and intentionally touches or strikes another against the will of the other; or
2. Intentionally causes bodily harm to another person.