SHAHOOD, J.
This is an appeal by Careerxchange, Inc. (Employer) from an Order of the Unemployment Appeals Commission (UAC) affirming the decision of the appeals referee. We reverse and hold that the claimant is disqualified from receiving further benefits.
Claimant became employed with the employer, a temporary employment agency, on November 10, 2003. At the time of hire, the claimant signed the employer’s policies and procedures checklist. The checklist states the following in pertinent part:
When an assignment ends, I understand that I must report immediately to my CAREERXCHANGE recruiter for my next job assignment. If I am not reassigned immediately, I understand that I must call my recruiter at least tunee a week for reassignment. Failure to do so or to accept my next job assignment will indicate that I have voluntarily quit and will not be eligible for unemployment benefits.
(Emphasis added).
Claimant’s assignment ended June 18, 2004. On May 3, 2004, prior to her assignment ending, claimant called the employer and informed a recruiter that her assignment was ending on June 18, 2004. The recruiter did not have a position to start after June 18 at that point in time. Claimant did not call back for reassignment when her assignment ended on June 18. The recruiter stated that they did not know claimant was available as of June 18 because they did not have a definite end date from the client company. Employer called claimant on July 8, 2004 to see if she was available for work, but claimant informed employer that she obtained a permanent part-time position.
Claimant filed for unemployment compensation. The claims adjudicator held that benefits were payable because claimant was separated due to lack of work. Employer appealed that determination and, following a hearing, the appeals referee affirmed the decision of the claims adjudicator. Employer then appealed the decision of the appeals referee to the UAC which affirmed the ruling of the appeals referee.
Employer argues that the appeals referee erred in concluding that the claimant’s six-week advance notification of the ending of her temporary assignment constituted notice as contemplated by Florida Statutes, thereby entitling her to benefits. The UAC argues that the appeals referee’s findings of fact are supported by competent substantial evidence and that the referee’s conclusions of law are consistent with the meaning of the statute.
The statute at issue, section 443.101(10), Florida Statutes (2004), provides in relevant part:
*70 (b) A temporary or leased employee is deemed to have voluntarily quit employment and is disqualified for benefits under subparagraph (l)(a)l. if, upon conclusion of his or her latest assignment, the temporary or leased employee, without good cause, failed to contact the temporary help or employee-leasing firm for reassignment, if the employer advised the temporary or leased employee at the time of hire and that the leased employee is notified also at the time of separation that he or she must report for reassignment upon conclusion of each assignment, regardless of the duration of the assignment, and that unemployment benefits may be denied for failure to report.
(Emphasis added).
The parties disagree on the interpretation of section 443.101(10)(b). Employer argues that the plain meaning of the words “upon conclusion,” can be interpreted to mean only “at the very end” of the assignment, not six weeks before the end of the assignment, which was done in this case. The appeals referee found that six weeks’ advance notification was sufficient to comply with the statutory requirement.
While it is well-settled that the remedial aspect of the unemployment compensation statutory scheme requires a liberal construction in favor of awarding benefits, in this case, the plain and ordinary meaning of the statute requires reversal. See Mason v. Load King Mfg. Co., 758 So.2d 649, 655 (Fla.2000); § 443.031, Fla. Stat. (2004) (this chapter shall be liberally construed in favor of a claimant of unemployment benefits who is unemployed through no fault of his or her own).
Section 443.101(10)(b) expressly disqualifies a claimant from receiving benefits:
[I]f, upon conclusion of his or her latest assignment, the temporary or leased employee, without good cause, failed to contact the temporary help or employee-leasing firm for reassignment, if the employer advised the temporary ... employee at the time of hire ... that he or she must report for reassignment upon conclusion of each assignment.
The statute clearly requires temporary employees to contact their employers “upon conclusion” of their latest assignment and notify the employer that they are available for reassignment. The plain and ordinary meaning of the wording “upon conclusion,” must be construed to mean the very end of the assignment, not six weeks prior. See Prewitt Mgmt. Corp. v. Nikolits, 795 So.2d 1001, 1005 (Fla. 4th DCA 2001) (the plain meaning of statutory language is the paramount consideration of statutory construction); Zopf v. Singletary, 686 So.2d 680, 682 (Fla. 1st DCA 1996) (words of common usage are to be construed as intended to have their plain, ordinary meaning).
The statute is designed to allow temporary employees to preserve their qualification for unemployment by notifying their employers at the conclusion of an assignment that they are still available for work. If work is available, the employee continues the relationship with the temporary employment firm. If no work is available, the employee preserves his or her right to unemployment compensation benefits.
In this case, the claimant notified the employer of an end date six weeks prior to the end date of the assignment. Until a clear end date actually occurred, the temporary employee was not available for work. At the time the claimant called, the employer had no work available. If she had called six weeks later, when her assignment definitively ended, work might have been available.
*71 In addition, at the time of hire, the claimant signed a policies and procedures checklist which included a requirement that the employee immediately report to a recruiter at the end of the assignment. If not assigned immediately, the employee must call the recruiter at least twice a week for reassignment. That procedure was not followed in this case.
We, accordingly, reverse the order of the UAC and remand with directions that the claimant be disqualified from receiving further benefits.

Reversed.

KLEIN, J., and GERBER, JONATHAN D., Associate Judge, concur.