WALLIS, J.
The State of Florida (“Appellant”) appeals the trial court’s downward departure sentence given to Scott Fureman (“Appel-lee”), withhold of adjudication on a second-degree felony, and failure to impose conditions of sex offender probation. The trial court imposed the sentence after Fureman pleaded guilty to traveling to meet a minor, solicitation of a minor (or parent) by computer, and attempted lewd and lascivious battery. We agree as to each issue and reverse and remand for resentencing.
Fureman responded to an advertisement, entitled “Parenting Help Wanted,” that police posted on Craigslist as part of a sting operation. Over a three-week period, Fureman emailed on separate days with an undercover agent, who posed as a fourteen-year-old girl’s mother. Early in his online communication, Fureman wrote that “[tjhere are certain things I will not put in print, but I will say on the phone.” He also wrote, “Suffice to say, she will learn to be [sic] good, submissive girl and please the man she is with.” Fureman admitted to having knowledge of the internet, which he acquired and used for his benefit both professionally, on Craigslist, and personally, for one year, with an online dating service. Fureman also had multiple phone conversations with the agent, further detailing his plan to have sex with the fourteen-year-old girl. At the end of the three-week period, Fureman traveled from Lake County to Orange County admittedly for the reason of having sex with the underage girl. Upon arrest, Fureman was found to be in possession of both condoms and lubricant.
Fureman entered an open plea to: (1) traveling to meet a minor (or parent) for the purpose of engaging in an illegal act in violation of section 847.0135(4)(b), Florida Statutes (2011), a second-degree felony; (2) solicitation of a minor (or parent) via computer in violation of section 847.0135(3)(b), Florida Statutes (2011), a third-degree felony; and (3) attempted lewd or lascivious battery in violation of sections 800.04(4)(a) and 777.04, Florida Statutes (2011), a third-degree felony. Over the State’s timely objection, the lower court withheld adjudication on all three counts without issuing written findings.
Fureman’s sentencing scoresheet provided that his lowest permissible sentence was sixty-three months of incarceration. The lower court downwardly departed pursuant to section 921.0026(2)(j), Florida Statutes (2011), on the basis that Fureman committed the offenses in an unsophisticated manner, the offenses were isolated and uncharacteristic, and Fureman showed remorse. The trial court based its finding of unsophistication on the fact that Fure-man did not initiate the Craigslist advertisement. The trial court sentenced Fure-man to . two years of community control followed by thirteen years of probation. Also, over the State’s objection, the trial court refused to impose sex offender probation, finding that because Fureman entered an open plea to Count 3 for attempt *405 ed lewd and lascivious battery in violation of section 777.04 and not actual lewd and lascivious battery in violation of section 800.04(4)(a), section 948.30’s provisions of sex offender probation were inapplicable.
I. The Downward Departure.
“Appellate courts apply a mixed standard of review when analyzing a downward departure sentence.” State v. Leverett, 44 So.3d 634, 636 (Fla. 5th DCA 2010) (citing State v. Mann, 866 So.2d 179, 181 (Fla. 5th DCA 2004)). “[T]he appellate court must determine whether the trial court applied the correct rule of' law and whether competent, substantial evidence supports the trial court’s reason for imposing a downward departure sentence.” Id.[1]
The lower court downwardly departed pursuant to section 921.0026(2)(j), Florida Statutes (2011), which is a statutory basis and, therefore, is a permissible legal reason to downward depart. See State v. Resh, 992 So.2d 294 (Fla. 5th DCA 2008). We, therefore, address whether there is competent, substantial evidence to support a finding of unsophistication.
The trial court reasoned that because Fureman did not post the advertisement, he committed the offenses in an unsophisticated manner. A separate statutory basis exists for a victim’s initiation as a ground for a downward departure. See § 921.0026(2)(f), Fla. Stat. (2011) (providing a downward departure can be appropriate when “[t]he victim was an initiator, willing participant, aggressor, or provoker of the incident”). However, a downward departure under subsection (2)(f) is not proper where the police— acting undercover — initiated the contact. State v. Murphy, 124 So.3d 323, 331 (Fla. 1st DCA 2013) (citing State v. Holsey, 908 So.2d 1159, 1161 (Fla. 1st DCA 2005); State v. Grant, 912 So.2d 321, 322 (Fla. 2d DCA 2004)). In addition to resting on an improper factual basis, the trial court’s finding of unsophistication fails to account for Fureman’s other actions, which include multiple email communications, multiple phone conversations, and ultimately traveling across county lines for the admitted purpose of engaging in sexual intercourse with the minor.
In determining whether there is competent and substantial evidence to support a downward departure, other courts have considered evidence of “several distinctive and deliberate steps” as an analytical factor to determine sophistication. State v. Salgado, 948 So.2d 12, 18 (Fla. 3d DCA 2006); Staffney v. State, 826 So.2d 509, 512 (Fla. 4th DCA 2002). The Staffney court found that the defendant’s actions were further evidence that his acts were not unsophisticated when he took “several distinctive and deliberate steps in order for him to insert his finger in the victim’s vagina, including unbuttoning and unzipping the victim’s shorts, inserting his hand inside them, then beneath the victim’s underwear, and finally, inserting his fingers inside her vagina” while she slept in a bed with her young children. Id. In the instant case, Fureman sent multiple emails, had multiple phone conversations, and traveled across county lines to commit his crimes.
*406 In contrast, an offense is committed in an unsophisticated manner if the offender’s conduct was “artless, simple and not refined.” State v. Merritt, 714 So.2d 1153, 1154 n. 3 (Fla. 5th DCA 1998). The facts in State v. Fleming, 751 So.2d 620, 621 (Fla. 4th DCA 1999), and State v. Gilson, 800 So.2d 727 (Fla. 5th DCA 2001), are instructive examples of the artlessness and simplicity of such unsophisticated offenses supporting downward departure sentences. In Fleming, the fourth district found that where a defendant who came to a residence and asked to buy drugs while police were executing a search warrant at the same residence, the evidence supported the lower court’s finding that the defendant’s acts were unsophisticated. 751 So.2d at 621. Similarly, in Gilson, this court found competent, substantial evidence existed to show that the defendant committed burglary and theft in an unsophisticated manner where the defendant, in order to avoid his angry mother with whom he lived, broke into an out-of-town neighbor’s house “primarily to find a bed to sleep in, and like Goldilocks, was asleep in his neighbor’s bed when found by the police the following day.” 800 So.2d at 731.
In contrast, “[i]t is difficult, if not impossible, to prove that a sexual battery against a minor occurred in an unsophisticated fashion.” State v. Subido, 925 So.2d 1052, 1057-58 (Fla. 5th DCA 2006) (citing State v. Munro, 903 So.2d 381, 383 (Fla. 2d DCA 2005) (stating that, where the adult defendant committed lewd molestation on a child victim, it was difficult, if not impossible, to show that the crime was committed in an unsophisticated manner)); see State v. Bernard, 744 So.2d 1134, 1135 (Fla. 2d DCA 1999) (noting that the defendant “was 24 years of age at the time he committed the crime and it might be difficult, if not impossible, to prove that he had sexual intercourse with this child in an unsophisticated manner”); see also Staffney, 826 So.2d 509. That a defendant was prevented from following through with the crime of sexual battery on a minor does not alter the level of sophistication required to make the attempt.
Fureman argues that our prior decision in State v. Randall, 746 So.2d 550, 552 (Fla. 5th DCA 1999), supports the trial court’s finding of unsophistication and requires us to affirm the present case. Randall’s acts are distinguishable from the instant case, to wit: Randall was a twenty-one-year-old father who made four sales of a small amount of cocaine to the same confidential informant in December in an attempt to provide for his children during Christmas. Id. at 551. Randall addressed only whether the lower court relied on a valid reason contained within section 921.0026 to downward depart from a guideline sentence. Id. at 552. The crux of the issue was whether, of the trial court’s five listed reasons for departing, the first (no criminal record), second (sold cocaine around Christmas to support his family), and fifth (showed remorse) reasons to depart could be combined under a totality of the circumstances analysis to satisfy one mitigating factor under section 921.0026. Id. Without discussion, we considered the second factor — that Randall was trying to make money to support his children around Christmas time — as unsophisticated behavior. Id. Importantly, we did not address the naiveté or artlessness of his actions because the State challenged only the legal ground to support a downward departure, not whether competent and substantial evidence existed to support the departure. Id. at 552. Accordingly, Fureman’s reliance on Randall is misplaced.
Here, although the lower court found that Fureman’s acts were unsophisticated because the police initiated the series of *407 events by posting the advertisement, this rationale fails to account for Appellee’s actions in completing the crime. Fure-man’s distinctive and deliberate steps demonstrate the absence of competent and substantial evidence necessary to affirm the lower court’s finding of unsophistication. Specifically, Fureman responded to the “Parenting Help Wanted” advertisement with an understanding that the internet posting offered sex. He then directed subsequent conversations spanning a three-week period, prior to the scheduled meeting for sex. His desire to conceal the contents of his communications by writing “[t]here are certain things I will not put in print, but I will say on the phone,” evinced consciousness of guilt and a desire to avoid the negative consequences of his actions. Additionally, when Fureman wrote, “Suffice to say, she will learn to be [sic] good, submissive girl and please the man she is with,” his implied purpose was a negotiation for sexual activity. Finally, when Fureman drove more than twenty minutes with condoms and lubricant in his possession to participate in the meeting for sex, he completed “several distinctive and deliberate steps,” which cannot be characterized as unsophisticated.[2]
II. The Withhold of Adjudication.
We also reverse and remand because the lower court withheld adjudication on Count 1: traveling to meet a minor (or parent) for the purpose of engaging in an illegal act in violation of section 847.0135(4)(b), Florida Statutes (2011), a second-degree felony. As this court said in State v. Garza, 118 So.3d 856, 858 (Fla. 5th DCA 2013):
Courts may not withhold adjudication of guilt for a second-degree felony unless “[t]he state attorney requests in writing that adjudication be withheld,” or “[t]he court makes written findings that the withholding of adjudication is reasonably justified based on circumstances or factors in accordance with those set forth in [section] 921.0026.” § 775.08435(l)(b) 1., 2., Fla. Stat. (2011). Here, the prosecutors specifically objected to the withhold of adjudication, noting that the crime charged was a second-degree felony. In our view, that is adequate to put the trial judge on notice as to the statutory requirement that the court make written findings. Indeed, the trial court did not even orally set forth any rationale for failing to follow the statute’s mandate.
In the present case, the State did not request a withhold of adjudication, and the judge failed to make any written findings required by section 775.08435(l)(b)2. Accordingly, the lower court erred in withholding adjudication on Count 1.
III. The Failure to Impose Sex Offender Probation.
Finally, we hold that the lower court erred in refusing to impose sex offender probation. We have previously held that attempted sexual battery is an offense under the sexual battery statute, as opposed to the attempt statute. In *408 State v. Thurman, 791 So.2d 1228, 1229 (Fla. 5th DCA 2001), we held that it was not error for the lower court to impose sex offender probation where a defendant who had been charged with performing a lewd act upon a child pursuant to section 800,04(1), Florida Statutes (1999), pleaded no contest to an attempted lewd act upon a child pursuant to section 777.04, Florida Statutes (1999). See also Wilcox v. State, 783 So.2d 1150, 1150-51 (Fla. 1st DCA 2001) (en banc) (holding that attempted capital sexual battery is an offense under chapter 794, and is modified by the attempt statute, section 777.04, Florida Statutes). This court reaffirmed its holding in Donovan v. State, 821 So.2d 1099, 1102 (Fla. 5th DCA 2002), noting that we had previously adopted the reasoning of Wilcox and held that attempted sexual battery is an offense under the sexual battery statute, as opposed to the attempt statute, (citing Thurman, 791 So.2d at 1230). Here, Fureman was charged under section 800.04(4)(a), which provides:
(4) Lewd or lascivious battery. — A person who:
(a) Engages in sexual activity with a person 12 years of age or older but less than 16 years of age; ... commits lewd or lascivious battery, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 800.04, Fla. Stat. (2011). Although he entered an open plea to attempted sexual battery, like Thurman and Donovan, Fureman’s offense is in violation of section 800.04. The sex-offender-probation statute mandates sex offender probation for violations of section 800.04, as follows:
Conditions imposed pursuant to this section do not require oral pronouncement at the time of sentencing and shall be considered standard conditions of probation or community control for offenders specified in this section.
(1) Effective for probationers or community controllees whose crime was committed on or after October 1, 1995, and who are placed under supervision for violation of chapter 794, s. 800.04, s. 827.071, s. 847.0135(5), or s. 847.0145, the court must impose the following conditions in addition to all other standard and special conditions imposed
[[Image here]]
§ 948.30, Fla. Stat. (2011) (emphasis added). Section 948.30(1) “mandates that for probationers who committed certain specified sex-based crimes after October 1, 1995, ‘the court must impose [certain] conditions in addition to all other standard and special conditions imposed.’ ” State v. Springer, 965 So.2d 270, 272 (Fla. 5th DCA 2007) (holding the lower court was not authorized to modify the term of probation prohibiting probationer from living within 1,000 feet of school to within 865 feet of school); see also Woodson v. State, 864 So.2d 512, 515 (Fla. 5th DCA) (holding that trial judge is obligated to impose mandatory conditions of sex offender probation and that “the statute does not allow for judicial discretion”), rev. dismissed, 889 So.2d 823 (Fla.2004). Accordingly, because attempted sexual battery is an offense under the battery statute, the mandatory provisions in section 948.30 require conditions of sex offender probation.
REVERSED and REMANDED FOR RESENTENCING.
TORPY, C.J., and GRIFFIN, J., concur.

. If a legal basis existed to downward depart, which was supported by competent and substantial evidence, an appellate court would then review, under an abuse of discretion standard, whether the departure from the sentencing guidelines was the best sentencing option for the defendant. State v. Betancourt, 40 So.3d 53, 56 (Fla. 5th DCA 2010) (citing Banks v. State, 732 So.2d 1065, 1067 (Fla.1999)). Because reversal is required on the basis that no competent, substantial evidence existed to support the downward departure, we do not address this step.

. During the pendency of this appeal, in State v. Murphy, 124 So.3d 323, 332 (Fla. 1st DCA 2013), the first district affirmed a downward departure in a similar case where the defendant solicited and traveled to meet a minor solely because "[it] was reasonable for the trial court to conclude that such communication tools and modes are so ubiquitous today as to no longer require any level of sophistication to use them." We do not agree with the first district's statement to the extent it implies that, standing alone, use of a common communication tool in the commission of a crime is competent and substantial evidence that the crime was committed in an unsophisticated manner. On the contrary, we believe that using a computer to commit a crime evinces a level of sophistication that would not support a downward departure sentence.