# Third District Court of Appeal

## State of Florida

Opinion filed May 29, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1664
Lower Tribunal No. B22-2538
_____

**Myrticia Quiencilla Gray,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Robin Faber, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya and Christina L. Dominguez, Assistant Attorneys General, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

PER CURIAM.

On appeal from a judgment and sentence following a jury trial for the offense of misdemeanor battery, Myrticia Quiencilla Gray raises three issues. Because the claims asserted were either not error, see Donovan v. State, 821 So. 2d 1099 (Fla. 5th DCA 2002); M.W. v. State, 263 So. 3d 214 (Fla. 3d DCA 2019), not properly preserved, see Foster v. State, 778 So. 2d 906 (Fla. 2000) (finding claim procedurally barred because defendant failed to make contemporaneous objection to trial judge's comments or seek disqualification); Jones v. State, 612 So. 2d 1370, 1373 (Fla.1992) ("The contemporaneous objection rule applies to such comments, however, and an appellate court will not reverse in the absence of an objection unless the comment is so prejudicial as to be fundamental error."), nor fundamental, see Lee v. State, 264 So. 3d 225, 226-27 (Fla. 1st DCA 2018) ("[I]t is clear that not every act or comment that might be interpreted as demonstrating less than neutrality on the part of the judge will be deemed fundamental error.") (quoting Mathew v. State, 837 So. 2d 1167, 1170 (Fla. 4th DCA 2003)), or were harmless, see State v. DiGuilio, 491 So. 2d 1129 (Fla. 1986), we affirm.

Affirmed.