# Supreme Court of Florida

No. SC2022-1207

---

**FLORIDA DEPARTMENT OF CORRECTIONS,**
Petitioner,

vs.

**MCMILLAN C. GOULD,**
Respondent.

November 14, 2024

PER CURIAM.

Because the First District Court of Appeal announced a new rule of law in conflict with decisions of another district court of appeal, we accepted jurisdiction to resolve the resulting conflict.[1,2]

---

1.  *See* art. V, § 3(b)(3), Fla. Const.

2.  " 'Express and direct conflict' is a strict standard that requires either [1] the announcement of a conflicting rule of law or [2] the application of a rule of law in a manner that results in a conflicting outcome despite 'substantially the same controlling facts.' " *Kartsonis v. State*, 319 So. 3d 622, 623 (Fla. 2021) (quoting *Nielsen v. City of Sarasota*, 117 So. 2d 731, 734 (Fla. 1960)). "Under the first situation the facts are immaterial. It is the announcement of a conflicting rule of law that conveys jurisdiction to us to review the decision of the Court of Appeal." *Nielsen*, 117 So. 2d at 734.

*See Fla. Dep't of Corr. v. Gould,* 344 So. 3d 496, 507 (Fla. 1st DCA 2022) (receding from *Wilcox v. State,* 783 So. 2d 1150 (Fla. 1st DCA 2001), and holding that *Wilcox* "is wrong to the extent it can be read to hold both that section 777.04 (the criminal attempt statute) modifies a substantive statute and that an attempt to commit the underlying crime is not a separate offense"). *But see State v. Fureman,* 161 So. 3d 403, 407-08 (Fla. 5th DCA 2014) (following the rule in *Wilcox,* holding that "attempted sexual battery is an offense under the sexual battery statute, as opposed to the attempt statute"); *Donovan v. State,* 821 So. 2d 1099, 1102 (Fla. 5th DCA 2002) (following the rule in *Wilcox*); *State v. Thurman,* 791 So. 2d 1228, 1230 (Fla. 5th DCA 2001) (agreeing with the rule in *Wilcox*).

Upon further consideration, and with the benefit of oral argument, we exercise our discretion to discharge jurisdiction. Accordingly, jurisdiction is discharged, and this proceeding is hereby dismissed. No motion for rehearing or reinstatement will be entertained by the Court. *See* Fla. R. App. P. 9.330(d)(2).

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, FRANCIS, and SASSO, JJ., concur.

GROSSHANS, J., dissents with an opinion, in which COURIEL, J., concurs.

GROSSHANS, J., dissenting.

As noted by the majority, the decision below expressly and directly conflicts with *State v. Fureman*, 161 So. 3d 403, 407-08 (Fla. 5th DCA 2014), *Donovan v. State*, 821 So. 2d 1099, 1102 (Fla. 5th DCA 2002), and *State v. Thurman*, 791 So. 2d 1228, 1230 (Fla. 5th DCA 2001). *See* majority op. at 1-2 (claiming that decision below "announced a new rule of law" inconsistent with settled district-court precedent). That conflict involves an important issue of law, which required consideration of the interplay between the attempt statute, *see* § 777.04, Fla. Stat. (2014), a statute imposing substantive criminal liability, *see* § 794.011, Fla. Stat. (2014), and the incentive gain-time statute, *see* § 944.275, Fla. Stat. (2014).

In my view, based on the recognized conflict and the significance of the conflict issue, we should have exercised our jurisdiction and decided the case on the merits. Because the majority fails to do so, I dissent to the discharge of jurisdiction.

COURIEL, J., concurs.

- 3 -

Application for Review of the Decision of the District Court of Appeal Direct Conflict of Decisions

First District - Case No. 1D19-1149

(Leon County)

Ashley Moody, Attorney General, Henry C. Whitaker, Solicitor General, Jeffrey Paul DeSousa, Chief Deputy Solicitor General, Office of the Attorney General, Tallahassee, Florida, and Christopher J. Baum, Senior Deputy Solicitor General, Office of the Attorney General, Miami, Florida; and Dan Johnson, General Counsel, Florida Department of Corrections, Tallahassee, Florida,

for Petitioner

Terrence E. Kehoe of Law Office of Terrence E. Kehoe, Orlando, Florida,

for Respondent