710 So.2d 123 (1998)
STATE of Florida, Appellant,
v.
Michael CRUZ, Appellee.
No. 97-2524.
District Court of Appeal of Florida, Fourth District.
April 15, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellee.
STEVENSON, Judge.
This is an appeal by the State of Florida from the downward departure sentence imposed by the trial court following Michael Cruz' plea of guilty to grand theft and burglary of a dwelling. We affirm, but remand so that the trial court may file its written reasons for departing from the sentencing guidelines.
In Pease v. State, 22 Fla. L. Weekly S624 (Fla. Oct. 9, 1997), the supreme court held that where, as here, the trial court orally pronounces a valid reason for a downward departure sentence, the court's failure to file written reasons should not result in a guidelines sentence; rather, the matter is properly remanded for the trial court to file its written reasons. See State v. Stallman, 707 So.2d 353 (Fla. 2d DCA 1998). In the instant case, the record discloses that the trial judge departed from the sentencing guidelines on the ground that appellant was a drug addict who could be helped by the Fern House drug program. The trial court made this finding after hearing from a representative of Fern House who had interviewed appellant and who found appellant to be a suitable candidate. This is a valid ground for *124 departure. See § 921.0016(4)(d), Fla. Stat. (1995).[1]
AFFIRMED and REMANDED for the trial court to file its written reasons for imposing a downward departure sentence.
DELL and POLEN, JJ., concur.
NOTES
[1] Had appellant committed his crimes after July 1, 1997, rather than on April 22, 1997, he could not have received a downward departure sentence on this ground. See § 921.0016(4)(d), (5), Fla. Stat. (1997).