714 So.2d 1153 (1998)
STATE of Florida, Appellant,
v.
Carl David MERRITT, Appellee.
No. 97-1698.
District Court of Appeal of Florida, Fifth District.
July 24, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant
*1154 Attorney General, Daytona Beach, for Appellant.
Robert T. Anderson of Cianfrogna, Telfer, Reda, Faherty & Anderson, P.A., Titusville, for Appellee.
W. SHARP, Judge.
The state appeals from the trial court's order which modified Merritt's 76.9 month prison sentence for committing a lewd and lascivious or indecent act on a minor and enticing a minor to commit a lewd, lascivious or indecent act[1] to a downward departure sentence of one year and one day in state prison, followed by one year of community control, followed by six years probation. We affirm.
Merritt was originally sentenced to 76.9 months in state prison. He appealed and that sentence was affirmed by this court. See Merritt v. State, 693 So.2d 42 (Fla. 5th DCA 1997). On May 28, 1997, Merritt moved for a reduction or modification of his sentence. After a hearing at which additional testimony was taken, the trial judge granted Merritt relief and summarized, in a well-reasoned order, its findings and grounds for the departure sentence.
Section 921.0016(4)(j) sets out three mitigating circumstances which, if combined, may justify a downward departure, but it does not define the terms used: an "isolated" incident, committed in an "unsophisticated" manner, and for which the defendant has shown "remorse." The trial court found that the three sex acts committed by Merritt had been "isolated" because they were something the defendant had never engaged in before, in his 25 year lifetime, and they took place in a relatively short span of time. Further, Merritt had no prior criminal history. That appears to us a reasonable interpretation of the statute, keeping in mind that criminal statutes should be construed liberally in favor of the person charged with a crime.[2]
The court also cited grounds to conclude the sex acts were performed in an unsophisticated manner.[3] Further, the court, based on new testimony, concluded that the defendant truly was remorseful about his activities immediately after being accused. The evidence adduced at the hearing supports the court's findings on these points.
The victim's father expressed the view that the defendant should receive at least one year in jail followed by probation and counseling. The officer from the Department of Corrections who prepared the presentence investigation report recommended a sentence of one year of community control, followed by four years of probation. Only the state takes a contrary view.
This appears to us a classic case for imposition of a downward departure sentence in all regards.
AFFIRMED.
COBB, J., and ORFINGER, M., Senior Judge, concur.
NOTES
[1] § 800.4(2) and (3), Fla. Stat. (1995).
[2] See Perkins v. State, 576 So.2d 1310 (Fla.1991); Ferguson v. State, 377 So.2d 709 (Fla.1979); Quinn v. State, 662 So.2d 947 (Fla. 5th DCA 1995); Ivory v. State, 588 So.2d 1007 (Fla. 5th DCA 1991).
[3] The almost 16-year-old victim did not need to be instructed on how or what to perform; the defendant was nervous and unable to attain an erection, and his acts were artless, simple and not refined.