PER CURIAM.
Johns appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal procedure 3.850. Johns asserts that at the time he was determined to be competent to proceed by the court-appointed expert, he was taking psychotropic drugs prescribed by health care providers at the Duval County Jail. Johns asserts that the expert, although informed of his history of psychiatric treatment and prior hospitalization for mental health problems, failed to ask Johns if he was presently being treated for mental health problems. Johns also asserts that two to three weeks prior to entering a plea of guilty to the charges, he refused to take the prescribed medications. He asserts he began to hear voices and have delusions, and became confused in thought and perception. He asserts this was his status at the time he entered his plea.
The trial judge denied the motion on the ground that appellant had stated at the plea colloquy, in response to questioning by the trial judge, that he was not under the effects of any medication, drugs, or condition that affected his ability to understand the proceedings. We conclude that the affirmative response to this question does not conclusively demonstrate that Johns is not entitled to relief. See, e.g., Long v. State, 678 So.2d 925 (Fla. 1st DCA 1996); Savage v. State, 530 So.2d 1077 (Fla. 1st DCA 1988). Because the trial court’s order and attachments fail to demonstrate conclusively that Johns is entitled to no relief, we reverse and remand for further proceedings.
BARFIELD, C.J., and WOLF and DAVIS, JJ., concur.