721 So.2d 1188 (1998)
STATE of Florida, Appellant,
v.
Simartae Demar McCLOUD, Appellee.
No. 97-2864.
District Court of Appeal of Florida, Fifth District.
November 13, 1998.
*1189 Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellee.
W. SHARP, Judge.
The state appeals a downward departure sentence for possession of cocaine.[1] McCloud entered a plea of guilty to this charge as well as to another charge pending at the time for armed robbery. The judge sentenced McCloud to four years in prison followed by two years on probation for the armed robbery and 364 days in prison on the possession of cocaine charge, to run concurrent with the armed robbery charge. We affirm.
Although the record is not entirely clear, the transcript of the plea hearing as well as the sentencing hearing show that McCloud pled guilty to the charges, without having been offered any plea bargain by the state or by the court. There was a prior discussion by the defense and the court about possible sentences in the mid-to-low guidelines range and concurrent sentencing for the two offenses. The state objected. When the plea was offered by defense counsel, she said:
At this time, Mr. McCloud would be tendering a plea of guilty as charged to both countsboth cases and it's our understanding that the plea is open to the Court.
When the Court accepted the plea, it asked McCloud:
Do you understand that by entering this plea to the Court, it means the Court will sentence you as it determines legally?
There's no agreement up front.
To both of these questions, McCloud responded: "Yes, Sir."
At the sentencing hearing, defense counsel asked the judge to sentence McCloud as a youthful offender, or to a downward departure sentence to include probation time in order to allow McCloud to get his GED and obtain treatment for drug addiction, as was recommended in the TASC evaluation. The state objected, pointing out that the court had "promised" McCloud only a low-to-mid range guidelines sentence. The attorney for the state was a different person than the one who had appeared at the plea hearing. Defense counsel corrected him, reminding the court that at the plea hearing, "you didn't let us put in a plea agreement."
The guidelines sentence, which was based on a scoresheet encompassing both offenses, called for a state prison term of 10 years and a range of 7.5 years to 12.5 years. The court orally stated its reasons for departing downwards as follows:
I'm going to find that the criminal act by Mr. McCloud (the armed robbery) was not done in a sophisticated manner, it was done in such a manner that he was being portrayed on a video camera, didn't give himself much of an opportunity to escape the way he had it planned. Also, he was nineteen years old, and I'll consider his youth. I also have to consider drug use that he's been involved in.
The court later added:

*1190 For the departure I'm going to have legitimate uncoerced plea. He needs some treatment for addiction. The offense was committed in an unsophisticated manner. I'm also finding that he was too young to appreciate the consequences of what he did.
The scoresheet used to supply written reasons in the case for the downward departure sentences states:
1. a legitimate, uncoerced plea bargain;
2. the defendant requires treatment for addiction;
3. the offense was committed in an unsophisticated manner, and;
4. the defendant was too young to appreciate the consequences of his offenses.
Had there been a plea entered in this case based on an agreement for a downward departure sentence between the defense and the trial judge but objected to by the state, we would have difficulty reconciling this case with our recent en banc decision in State v. Gitto, 23 Fla. L. Weekly D1550 (Fla. 5th DCA June 26, 1998). However, a close reading of the transcripts quoted above shows that there was no plea bargain for a particular sentence, much less a downward departure sentence. McCloud did enter an uncoerced guilty plea and that was what the trial judge orally gave as a departure reason.
The state argues that the record fails to sustain or support any of the other reasons the trial judge gave for departing downward. The trial judge saw McCloud at two different hearings and heard him give testimony. He viewed the videotape of how McCloud committed the armed robbery. He voiced his awareness of the TASC reports. He received a letter from McCloud in which McCloud apologized for his actions and admitted his substance abuse problems. Everyone agreed McCloud was only 19 years old at the time of the sentencing, although the state argued this is not "young."
Some of the reasons given by the trial judge for departing downward depended upon his analysis of McCloud's appearance, deportment and credibility and the resolution of fact issues. We do not think the trial judge abused his discretion in resolving these matters in McCloud's favor, and we think the reasons given support the departure sentence.
AFFIRMED.
GOSHORN, J., concurs.
COBB, J., dissents with opinion.
COBB, Judge, dissenting.
Contrary to the facts as viewed by the majority opinion, the instant plea was obtained by a bargain struck between the trial judge and the defendant over the objection of the state. I would reverse for the reasons set forth in our opinion in State v. Gitto, 23 Fla. L. Weekly D1550 (Fla. 5th DCA June 26,1998)(en banc).
NOTES
[1] § 893.13(6)(a), Fla. Stat.