730 So.2d 765 (1999)
STATE of Florida, Appellant,
v.
Jay Raymond FALOCCO, Appellee.
No. 98-1782.
District Court of Appeal of Florida, Fifth District.
March 19, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellee.
THOMPSON, J.
The state appeals the downward departure sentences entered in case numbers 97-256, 97-785, 97-1590, and 97-1751.
We affirm the sentences in case numbers 97-256, 97-785, and 97-1590. The first reason for departure given by the court, that Falocco required specialized treatment for addiction, mental disorder, or physical disability, and was amenable to treatment, is valid with respect to crimes committed before 1 July 1997. Further, the record supports the court's findings in this regard. See State v. Hill, 698 So.2d 647 (Fla. 5th DCA 1997); State v. McCloud, 721 So.2d 1188 (Fla. 5th DCA 1998).
However, Falocco committed the crimes in case number 97-1751 after 1 July 1997, and the legislature has eliminated this departure reason for crimes occurring after that date. State v. Brown, 717 So.2d 625 (Fla. 5th DCA 1998)(citing § 921.0016(4)(d), Fla. Stat. (1997); Ch. 97-194, § 41, Laws of Fla.). The court's second reason for departure, that the offense was committed in an unsophisticated manner and was an isolated incident for which Falocco has shown remorse, is not supported by the record. To support a departure based on this reason, all three elements must be shown: that the offense was committed in an unsophisticated manner, that it was an isolated incident, and that the defendant has shown remorse. State v. Spioch, 706 So.2d 32 (Fla. 5th DCA), *766 rev. denied, 718 So.2d 171 (Fla.1998). Falocco's record precludes a finding that the crimes in case no. 97-1751 were isolated incidents. Falocco's current convictions included six crimes committed between March and August 1997. Further, Falocco's record includes numerous crimes dating to 1984. Because the first reason given by the court is invalid, and because the record does not support the second reason, the sentence in case number 97-1751 is reversed, and Falocco must be resentenced within the guidelines. See Brown.
REVERSED and REMANDED FOR RESENTENCING.
GRIFFIN, C.J., and ANTOON, J., concur.