751 So.2d 620 (1999)
STATE of Florida, Appellant,
v.
Timothy FLEMING, Appellee.
No. 99-0924.
District Court of Appeal of Florida, Fourth District.
December 1, 1999.
*621 Robert A. Butterworth, Attorney General, Tallahassee, and Darien M. Doe, Assistant Attorney General, Ft. Lauderdale, for appellant.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellee.
KLEIN, J.
The state appeals a downward departure sentence based on the ground that the offense was committed in an unsophisticated manner and was an isolated incident for which defendant showed remorse. Section 921.0016(4)(j), Florida Statutes (1997).
Appellee was charged with purchasing cannabis. The issue which concerns us is whether a purchase of drugs can be committed in an "unsophisticated manner." The word "unsophisticated" is generally defined in the dictionaries we have looked at as being the opposite of sophisticated. One of the definitions of sophisticated is "having acquired worldly knowledge or refinement; lacking natural simplicity or naiveté." American Heritage Dictionary of the English Language (1981).
Appellee relies on State v. Merritt, 714 So.2d 1153 (Fla. 5th DCA 1998), in which a downward departure was given on the same ground as the ground in the present case, where the defendant was sentenced for committing a lewd and lascivious or indecent act on a fifteen year old victim. After acknowledging that the words used in the guidelines, including "unsophisticated," should be construed liberally in favor of the defendant, the fifth district affirmed the departure, explaining that the defendant's "acts were artless, simple and not refined." Id. at 1154 n. 3.
In the present case the evidence showed that, as the police were executing a warranted search of an apartment, the defendant knocked on the door and asked to speak to "Alfred." When he was told that Alfred wasn't there he stated, "I only have fifteen dollars for three sacks," and was sold the drugs.
Under Banks v. State, 732 So.2d 1065 (Fla.1999), our standard of review is to determine whether there is competent substantial evidence to support the trial court's finding that this crime was committed in an unsophisticated manner. Construing "unsophisticated" liberally in favor of the defendant, as we are bound to do under our rule of lenity, section 775.021(1), Florida Statutes, we conclude that there was competent substantial evidence to support the trial court's finding. The evidence also supports the two other necessary elements of this one ground for departure, that this was an isolated incident for which appellee showed remorse.
Affirmed.
FARMER and HAZOURI, JJ., concur.