758 So.2d 1222 (2000)
STATE of Florida, Appellant,
v.
Imran BAKSH, Appellee.
No. 4D99-2803.
District Court of Appeal of Florida, Fourth District.
May 17, 2000.
*1224 Robert A. Butterworth, Attorney General, Tallahassee, and Gentry Denise Benjamin, Assistant Attorney General, West Palm Beach, for appellant.
Richard G. Chosid, Fort Lauderdale, for appellee.
SHAHOOD, J.
Appellant, Imran Baksh, was charged with burglary of a dwelling and possession of burglary tools. Prior to trial, he filed a motion for a downward departure sentence on the grounds that he had a limited capacity to appreciate the consequences of his action, that he was under stress because he discovered that his girlfriend was pregnant and was unable to assist in either her prenatal care or pregnancy termination, and that the offense was committed in a very unsophisticated manner.
Appellant then entered a plea of no contest in open court to the charges. In support of his motion for downward departure, defense counsel explained that appellant had a learning disorder and had only marginal skills as far as earning capacity; that the incident occurred shortly after appellant's 18th birthday; that he had been under a lot of stress at the time of the commission of the offense upon finding out that his girlfriend was pregnant; and that his parents were very religious and he did not want them to find out about the pregnancy. Appellant did not know how to deal with the situation and as a result took the wrong route which he regretted. Counsel further argued that there was evidence that the burglary was amateur in nature where appellant had been caught in the house and nothing had been taken.
In a statement to the court, appellant explained that he made a mistake and hadn't meant to hurt anyone. Appellant had left his parents' house and was staying on the street when he found out that his girlfriend was pregnant. He wanted to call the victim and apologize and pay for any damages, but he was advised not to do so by counsel. At the time of the hearing, appellant was working and living with his parents.
The court, in sentencing appellant, stated that appellant had no prior involvement with the law and that because of the nature of his crime, he scored a prison sentence. As such, the court stated, "[t]his is one of those times where the court is going to grant a downward departure" sentence. As grounds for departure, the court held that "the offense was committed in an isolated incident for which the defendant has shown remorse." Over the state's objection, the court withheld adjudication and sentenced appellant to two years community control followed by four years probation with the special conditions that appellant obtain a GED, perform five hours community service per week, and maintain part-time employment.
A trial court may impose a departure sentence based upon circumstances or factors which reasonably justify the aggravation or mitigation of the sentence in accordance with section 921.0016, Florida Statutes (1997). See State v. Sawyer, 753 So.2d 737 (Fla. 2d DCA 2000). The facts supporting the departure must be established by a preponderance of the evidence and must be explained in writing by the trial judge. See id.; State v. Bernard, 744 So.2d 1134 (Fla. 2d DCA 1999); § 921.0016(6), Fla. Stat. (1997).
A trial court's decision whether to depart from the guidelines is a two-part process. See Banks v. State, 732 So.2d *1225 1065, 1067 (Fla.1999). First, the court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground. See id. Legal grounds are set forth in case law and statute and the facts supporting the ground must be proved by a preponderance of the evidence. See id. This aspect of the court's decision to depart is mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling. See id. Competent substantial evidence is tantamount to legally sufficient evidence, and the appellate court will assess the record evidence for its sufficiency only, not its weight. See id.
Second, where the requirements set out above are met, the court must determine whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant. See id. at 1068. In making this determination, the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors. This decision is within the sound discretion of the court and will be sustained on review absent an abuse of discretion. See id.
Section 921.0016(4)(j), Florida Statutes (1997), provides as a basis for departure that the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.
In this case, the state claims that the trial court erred in failing to enter written reasons for its departure and that the basis for departure was not supported by the evidence.
This court has held that the failure to file written reasons for a downward departure sentence should not result in a guidelines sentence. Rather, the matter should be remanded so that the trial court may file its written reasons for departing from the sentencing guidelines. See State v. Cruz, 710 So.2d 123, 123 (Fla. 4th DCA 1998). In so holding, this court relied upon Pease v. State, 712 So.2d 374 (Fla. 1997). See id. In that case, the supreme court held that where the trial court orally pronounced a valid reason for a downward departure sentence, the court's failure to file written reasons should not result in a guidelines sentence. Instead, the matter is properly remanded for the trial court to file its written reasons. See id. Once it is established that there were valid reasons for sentencing the defendant below the guidelines explicated at the time of sentencing, that sentence should not be affected by a unilateral mistake of the court. See also State v. Amodeo, 750 So.2d 664 (Fla. 5th DCA 1999)(failure to provide written reasons justifying a downward departure is not fatal if the trial judge orally pronounces valid reasons for departure at the time of sentencing).
In this case, although the trial court did not set forth a specific written reason for departing from the guidelines, the contemporaneous written order clearly indicated that the reasons for departure were based on those recited in open court.
Here, the court's reason for departure, that the "the offense was committed in an isolated incident for which the defendant has shown remorse," is supported by the record. To support a departure based on this reason, all three elements must be shown: that the offense was committed in an unsophisticated manner, that it was an isolated incident, and that the defendant has shown remorse. See State v. Falocco, 730 So.2d 765, 765 (Fla. 5th DCA 1999); State v. Spioch, 706 So.2d 32 (Fla. 5th DCA), rev. denied, 718 So.2d 171 (Fla. 1998).
It is clear from the transcript in this case that the trial court inadvertently failed to recite the first element for departure, but intended as its basis for departure that "the offense was committed in an unsophisticated manner, that it was an isolated incident, and that the defendant has shown remorse."
*1226 A review of the record demonstrates that there is evidence to support the fact that this was an isolated incident for which appellant has shown remorse. Appellant was 18 years old at the time of the incident and had no prior involvement with the law. Appellant had also expressed his sorrow for his mistake and wanted to make amends to the victim. More importantly, there is evidence to support the finding that the crime was committed in an unsophisticated manner.
In State v. Fleming, 751 So.2d 620 (Fla. 4th DCA 1999), this court examined "unsophisticated" in the context of a departure sentence under section 921.0016(4)(j), Florida Statutes. The court explained that unsophisticated is the opposite of sophisticated and that one of the definitions of sophisticated is "having acquired worldly knowledge or refinement; lacking natural simplicity or naivete." See id. (quoting American Heritage Dictionary of the English Language (1981)). In State v. Merritt, 714 So.2d 1153 (Fla. 5th DCA 1998), the fifth district affirmed a downward departure given on the same ground as in the present case, where the defendant was sentenced for committing a lewd and lascivious or indecent act on a fifteen year old victim. After acknowledging that the words used in the guidelines, including "unsophisticated," should be construed liberally in favor of the defendant, the fifth district affirmed the departure, explaining that the defendant's "acts were artless, simple and not refined." Id. at 1154 n. 3. Likewise, in Fleming, this court affirmed a downward departure sentence on the ground that a drug purchase was committed in an unsophisticated manner. Under the rule of lenity, section 775.021(1), Florida Statutes, we construe "unsophisticated" liberally in favor of appellee and conclude that there was competent substantial evidence to support the trial court's ruling. See Fleming, 751 So.2d at 621.
Based on the foregoing, we affirm the trial court's downward departure sentence. However, pursuant to State v. Cruz 710 So.2d at 123, we remand for the trial court to file its written reasons for imposing a downward departure sentence.
Affirmed; Remanded with directions.
GUNTHER and GROSS, JJ., concur.