826 So.2d 509 (2002)
Jesse James STAFFNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4126.
District Court of Appeal of Florida, Fourth District.
September 25, 2002.
*510 Carey Haughwout, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Jesse James Staffney was charged by information with committing a sexual battery on April 1, 2001. Following a jury trial, he was found guilty as charged and convicted. The trial court imposed a downward departure sentence of four years, with 187 days credit for time served, followed by three years sexual offender probation. Staffney appeals his conviction. The State cross-appeals the downward departure sentence. We affirm the conviction without discussion, reverse the downward departure sentence and remand for re-sentencing.
The victim, V.S. and her three children all slept in the same room in one bed. V.S. testified that she always wore a shirt and a pair of shorts to bed.
For the three months prior to April 1, 2001, Staffney had babysat for V.S.'s children. V.S. informed Staffney that he was not to enter the bedroom for any reason. If the youngest child needed tending to, the eldest daughter was to get him from the bedroom and change his diapers as necessary.
When V.S. returned home from work around 6:20 A.M. on April 1, 2001, she got into bed with her children and went to sleep. She woke up because she felt Staffney's fingers inside her vagina. She kept pushing his hand away, but he resisted. When she looked at him and asked what he was doing, he looked down at his hand and said it was a mistake. Staffney also stated that he "messed up" and then left the room. He went into the living room, put on his shoes and left the house.
At the time of the incident, Julius Davis, Jr., the father of V.S.'s children, lived on the same block as V.S. V.S. asked her eldest daughter to go to Davis's house and have him return with her. When Davis arrived, V.S. called the police. V.S., who was shaking and crying, told Davis what happened. Davis then left the house to look for Staffney. While Davis searched for Staffney, Officer Gerald MacCauley arrived and spoke to V.S. who advised him of what transpired.
Davis located Staffney hiding near a train located on tracks in close proximity to V.S.'s house. When Davis confronted Staffney and inquired why he was hiding, Staffney denied that he was hiding and instead said that he was looking for loose change that he had dropped. Thereafter, Davis returned to V.S.'s home and advised MacCauley of Staffney's whereabouts.
MacCauley found Staffney and spoke with him. Staffney made a spontaneous statement about why MacCauley was there. MacCauley then read Staffney his Miranda rights, which Staffney waived. Staffney then told MacCauley that it was all a misunderstanding. Staffney explained that the incident occurred while he *511 was asleep and that he was unaware of what had happened. Staffney never admitted nor denied the incident. He maintained that he did it unconsciously while he was asleep.
On August 22, 2001, the jury returned a verdict finding Staffney guilty of sexual battery. On October 4, 2001, the trial court sentenced Staffney to a downward departure sentence of four years, with 187 days credit for time served, to be followed by three years sexual offender probation. The trial court found that Staffney qualified for a downward departure sentence based on section 921.0026(2)(j), Florida Statutes (2001). Accordingly, over the State's objection, the trial court sentenced Staffney to serve forty eight months imprisonment followed by thirty six months probation. As this sentence is less than the lowest permissible sentence set forth in the Criminal Punishment Code's Sentencing Guidelines,[1] the sentence is a downward departure. See § 921.00265(2), Fla. Stat. (2001). The State submits that this was error.
Previously this court has said the following regarding imposition of a departure sentence:
The facts supporting the departure must be established by a preponderance of the evidence and must be explained in writing by the trial judge.[[2]]
A trial court's decision whether to depart from the guidelines is a two-part process. First, the court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground. Legal grounds are set forth in case law and statute and the facts supporting the ground must be proved by a preponderance of the evidence. This aspect of the court's decision to depart is mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling. Competent substantial evidence is tantamount to legally sufficient evidence, and the appellate court will assess the record evidence for its sufficiency only, not its weight.
Second, where the requirements set out above are met, the court must determine whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant. In making this determination, the court must weigh the totality of the circumstances in the case, including aggravating and mitigating facts. This decision is within the sound discretion of the court and will be sustained on review absent an abuse of discretion.
State v. Baksh, 758 So.2d 1222, 1224-25 (Fla. 4th DCA 2000) (citations omitted); see also Banks v. State, 732 So.2d 1065 (Fla.1999); State v. Fleming, 751 So.2d 620 (Fla. 4th DCA 1999).
A departure sentence may be imposed where the trial court finds that the "offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." § 921.0026(2)(j), Fla. Stat. (2001). Thus, in order to support the downward departure based on this statutory factor, *512 there must be competent substantial evidence that: (1) the offense was committed in an unsophisticated manner, (2) it was an isolated incident, and (3) the defendant had shown remorse. State v. Butler, 787 So.2d 47, 48 (Fla. 2d DCA 2001); see also State v. Gosier, 737 So.2d 1121, 1123 (Fla. 4th DCA 1999); State v. Bleckinger, 746 So.2d 553 (Fla. 5th DCA 1999); State v. Falocco, 730 So.2d 765 (Fla. 5th DCA 1999); State v. Spioch, 706 So.2d 32, 36 (Fla. 5th DCA 1998).
In the instant case, the trial court found that Staffney committed the crime in an unsophisticated manner:
THE COURT: The court finds that the unsophisticated manner is that, just the very nature of the crime. I mean, the facts of the, that he just walked into his half sister's bedroom, laid down in bed with her, and put his hand on her vagina. And that's just an unsophisticated crime ...
In Fleming, this court discussed the term "unsophisticated" and defined it as being the opposite of sophisticated. Fleming, 751 So.2d at 621. Further, "sophisticated" is defined as "`having acquired worldly knowledge or refinement; lacking natural simplicity or naiveté.'" Id. (citing AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (1981)). In State v. Merritt, 714 So.2d 1153 (Fla. 5th DCA 1998), the court upheld the downward departure sentence "finding that the almost 16-year old victim did not need to be instructed on how or what sex acts to perform; the defendant was nervous and unable to attain an erection, and his acts were artless, simple and not refined." Id. at 1154 n. 3. Thus, the court concluded that the act was committed in an unsophisticated manner. Id.
The state submits that the facts in this case show that the manner in which this crime was committed is anything but "unsophisticated." We agree.
Indeed, the error lies in the faulty premise underlying the trial court's finding that the "very nature of the crime" suggests that it was committed in an unsophisticated manner. Staffney was charged with sexual battery under section 794.011(5), Florida Statutes (2001), which defines the offense as the commission of "sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof does not use physical force and violence likely to cause serious personal injury...." Section 794.011(1)(h), Florida Statutes (2001), defines the term "sexual battery" as "oral, anal or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose."
It is difficult to understand how Staffney's actions can be characterized as unsophisticated. Staffney waited for the victim to fall asleep, then, in a stealth-like manner, crept into the bed alongside her and her three young children and proceeded to commit sexual battery upon her. Staffney's acknowledgment at trial that he would have had to go through several distinctive and deliberate steps in order for him to insert his finger in the victim's vagina, including unbuttoning and unzipping the victim's shorts, inserting his hand inside them, then beneath the victim's underwear, and finally, inserting his fingers inside her vagina is further evidence that this crime was not committed in an unsophisticated manner. Moreover, the record reflects that Staffney had harbored sexual feelings towards the victim since the time he was first introduced to her. There is simply no competent substantial evidence to support the trial court's finding that the *513 crime was committed in an unsophisticated manner.
In addition to having found that Staffney committed the offense in an unsophisticated manner, the trial court further found that he demonstrated remorse "[n]ot just at the time of sentencing, but in his statements to the police and, thereafter." The state submits that there is no competent substantial evidence to support this finding. We agree. A review of the record reflects that Staffney never claimed responsibility for his criminal behavior and instead, maintained his innocence from the time he was apprehended through the sentencing proceeding. At trial, he qualified this by stating "I don't know what I was doing ... but if I did anything it was a mistake." At the sentencing hearing, Staffney apologized for what had happened to the victim but continued to deny that he was responsible for his actions.
Finally, the trial court found that the offense was an isolated incident. Even though Staffney had no prior history of committing a sexual battery or any other type of sexually related offense, there must be substantial competent evidence to support all three factors in order to downwardly depart pursuant to section 921.0026(2)(j), Florida Statutes (2001). See Baksh, 758 So.2d at 1225.
For the above stated reasons, we find the trial court abused its discretion in imposing a downward departure. We affirm the conviction and judgment but vacate the sentence and remand for imposition of a guideline sentence.
WARNER, J., concurs.
GROSS, J., concurs in result only.
NOTES
[1] The defendant's sentencing scoresheet reflects a guideline sentence of 106.2 months to 180 months.
[2] The trial court failed to make written findings as required by section 921.00265(2), Florida Statutes (2001). This omission alone does not render the sentence invalid. See Pease v. State, 712 So.2d 374 (Fla.1997). However, we need not address the lack of written findings for the departure because we reverse for re-sentencing pursuant to the guidelines.