TORPY, J.,
concurring specially.
I concur in the result, but not based upon the authority cited by the majority. Appellant originally pled guilty to grand theft of a motor vehicle, a felony of the third degree, pursuant to a negotiated plea agreement under which the state nolle prossed two other counts. His criminal punishment code scoresheet reflected total sentence points of 30.2, which equated to a non-state prison sanction. The trial court imposed a county jail sentence, for which Appellant was credited for time served, followed by probation. Appellant apparently was not a model probationer. The sentence that is the subject of this appeal was imposed after Appellant’s third probation violation. On resentencing, Appellant’s total sentence points, as reflected on the criminal punishment code worksheet equaled 48.2, requiring that a 15.15 month prison sentence be imposed unless grounds for departure existed. Instead of imposing a prison sentence, however, the trial court sentenced Appellant to 90 days in the county jail and terminated his probation.[1] The trial judge gave as his written reason for departure that Appellant was sentenced as a “youthful offender.” Indeed, Appellant was 20 years old at the time the motor vehicle theft occurred.
On appeal, the state suggests that the trial judge’s ground for departure was section 921.0026(2)(k), Florida Statutes, (2002), which permits departure when a defendant is “too young to appreciate the consequences of the offense.” The briefs *271 make much of the issue of whether Appellant was indeed too young to appreciate the consequences of his actions. As a result, the majority bases its decision to affirm the trial court on State v. McCloud, 721 So.2d 1188 (Fla. 5th DCA 1998), which involved the use of section 921.0026(2)(k) as a departure ground. In my view, the trial judge clearly did not use this ground as a basis for departure, notwithstanding the positions taken by the attorneys in their briefs.
The sentencing scoresheet signed by the trial judge states very clearly that departure is based on “youthful offender,” which is a separate mitigating circumstance set forth in section 921.0026(Z), Florida Statutes, (2002). The “youthful offender” designation clearly applies to Appellant because he was less than 21 years of age at the time the crime was committed. § 958.04(l)(c), Fla. Stat. (2002). Under these circumstances, the trial court could have departed at the time Appellant originally pled to the crime of grand theft motor vehicle. Because the court could have originally imposed a youthful offender sentence, it was authorized to impose a youthful offender sentence upon the violation of probation. § 948.06(1), Fla. Stat., (2002); See Mearns v. State, 779 So.2d 282 (Fla. 2nd DCA 1998) (after revoking defendant’s probation, trial court is free to impose any sentence it might have originally imposed before placing him on probation). The court’s stated ground for departure, therefore, was appropriate.

. The trial judge could have reached the same sentencing result without having to depart if he had chosen to modify the probation, add the county jail time as a probation condition and then terminate the probation after the jail time was completed. § 948.06(1), Fla. Stat., (2002).