PER CURIAM.
Appellant Arthur E. Saucier appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant alleges that his trial counsel was ineffective for failing to have appellant’s mental state evaluated, and failing to inform the trial court of the defendant’s mental illness or the effect of defendant’s prescribed medication upon his mental processes, when counsel was aware of defendant’s current mental problems. See Johns v. State, 721 So.2d 1188 (Fla. 1st DCA 1998)(holding that defendant’s response in plea colloquy that he was not under the effects of any medication, drugs, or condition that affected his ability to understand the proceedings did not conclusively demonstrate competency when he entered his plea). Appellant also alleges that he would not have pled, but would have proceeded to trial, but for counsel’s ineffective assistance. See Brazeail v. State, 821 So.2d 364 (Fla. 1st DCA 2002).
The appellant has stated facially sufficient claims relating to his mental condition that are not refuted by the record. Therefore, we reverse the summary denial of post-conviction relief as to these mental condition claims and remand to the trial court to either attach portions of the record conclusively refuting these claims or hold an evidentiary hearing. Appellant also raises other claims that we reject without further comment.
Affirmed in part; Reversed in part and Remanded with instructions.
KAHN, WEBSTER and POLSTON, JJ., concur.