LEVINE, J.
The issue for our consideration in this case is whether the tidal court correctly applied the law in denying appellant’s motion for downward departure. Because the trial court incorrectly applied the law as to two of the downward departure elements, and because the record does not establish that the trial court properly applied the law as to the third element, we reverse and remand for the trial court to reconsider this motion.
Appellant pled guilty to manslaughter with a firearm. During the plea hearing, the state proffered the following facts. The victim came to appellant’s residence on the day of the crime. Appellant and the victim then drove to the codefendant’s residence to allegedly get marijuana, but the codefendant was not there. ' Appéllant left her son at the codefendant’s'residence and arranged to meet the codefendant at another location. When they arrived, the codefendant jumped into the car and shot the victim in the head. According to witnesses at the codefendant’s residence, appellant knew a robbery was going to take place.
Appellant testified that although she and the codefendant discussed robbing the victim, they did not plan anything. Appellant claimed she did not know the codefendant was going to rob the victim. Appellant stated that she was sorry and that she had made a mistake.
Prior to sentencing, appellant moved for a downward departure on the ground that “[t]he offense was committed in an unsophisticated manner and was' an isolated incident for which the defendant has shown remorse.” § 921.0026(2)(j), Fla. Stat. (2011). The trial court denied the motion, resulting in the instant appeal.
“A trial court’s decision whether to depart from the guidelines is a two-part process.” Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). The trial court must first determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it. Id. “This aspect of the court’s decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling.” Id. The trial court must then determine whether it should depart. Id. at 1068. This aspect of the court’s decision is reviewed for abuse of discretion. Id.
For section 921.0026(2)(j) to be applicable, all three elements must be present: (1) the offense was committed in an unsophisticated manner, (2) it was an isolated incident, and (3) the defendant has shown remorse. Staffney v. State, 826 So.2d 509, 513 (Fla. 4th DCA 2002). If any one of these statutory elements are not present, the trial court may not grant a downward departure.
In denying the motion for downward departure, the trial court incorrectly applied the law as it pertains to the elements of remorse and isolated incident. As to remorse, the trial court stated:
I will tell you that remorse is not something that this Court can consider in sentencing. I appreciate the fact that [appellant] said that she was sorry, but lack of remorse has never been, or re-morsefulness has never been one of those factors that this Court can use in determining a proper sentence.
Generally, it is improper for a sentencing court to consider the defendant’s lack of remorse. Rankin v. State, 174 So.3d 1092, 1097 (Fla. 4th DCA 2015). *483 However, consideration of remorse is appropriate if it occurs during a court’s consideration of whether to mitigate a sentence. Id. In the instant case, the trial court’s refusal to consider remorse was contrary to the plain language of section 921.0026(2)(j), which expressly lists remorse as a mitigating element.
As to whether the offense was an isolated incident, the trial court stated:
Being an isolated incident, you only need one time to be an accomplice and/or principal to murder for this to occur.
[[Image here]]
Isolated, as I said, I don’t think that applied to this case because you only need one shot to kill somebody and if you helped in the planning under the principal instruction she’s as guilty as the co-defendant is and she’s held responsible for everything that he did in this case....
The trial court’s application of isolated incident is not supported by case law. An offense is not isolated if a defendant has an extensive prior criminal record. See State v. Waterman, 12 So.3d 1265, 1268 (Fla. 4th DCA 2009). An offense also is not isolated if involves multiple incidents. See State v. Strawser, 921 So.2d 705, 707 (Fla. 4th DCA 2006). Here, the trial court did not consider either of these factors in its analysis.
Finally, the' trial court considered whether the offense was committed in an unsophisticated manner. Courts have defined a crime as unsophisticated when “the acts constituting the crime are ‘artless, simple, and not refined.’” State v. Walters, 12 So.3d 298, 301 (Fla. 3d DCA 2009) (citation omitted). Additionally, “courts have considered evidence of ‘several distinctive and deliberate steps’ as an analytical factor to determine sophistication.” State v. Fureman, 161 So.3d 403, 405 (Fla. 5th DCA 2014) (citation omitted).
Some of the statements made by the trial court indicate that it may have correctly understood the law as to this element. Specifically, the trial court stated:
What concerns this Court is that this was not a random stranger that they picked out as they were passing by and said, let’s rob this person, get some money. This was someone that [appellant] knew and but for the fact that he knew her I don’t think Ms., the co-defendant could of even gotten close to him or lured him anywhere or gotten him to do anything. But people let then-guards down when they know someone. Who’s to know what the alleged victim, or the victim in this case would of [sic] done if it was just an isolated, you know, a random stranger thing. But he trusted [appellant], and I think those types of crimes are a lot different than stranger to stranger, when you have one party that knows the party, has had intimate relationships with that victim", made him easy pickings for her to set him up, for him to be robbed, and eventually killed.
[[Image here]]
[A]s I said, she supplied the mark, for lack of a better term, wasn’t somebody they .just saw walking on the street. She, [appellant], was the person that provided the target for this robbery and unfortunately was killed during the commission of this robbery.
These statements indicate that the trial court considered the planning that went into the crime and the fact that appellant lured and set up the victim. These factors, in most cases, are appropriate to consider in determining whether a crime is committed in an unsophisticated manner. See Fureman, 161 So.3d at 405; State v. Leverett, 44 So.3d 634, 637 (Fla. 5th DCA *484 2010); State v. Salgado, 948 So.2d 12, 18 (Fla. 3d DCA 2006).
However, other statements made by the trial court indicate that it may have incorrectly applied the law. In finding that the offense was not sophisticated, the trial court also discussed State v. Warner, 721 So.2d 767 (Fla. 4th DCA 1998), which held that driving under the influence could not be committed in an unsophisticated manner, The trial court also stated:
I think unsophisticated goes more to like RICO’s and things like that where you just stumble into something and-you’re unwittingly, like a conspiracy or something, or somebody hands you a gift and says, here, stand here with this and the police come and you get arrested and you’re holding the bag and it’s full of cocaine. I think that that is one of those circumstances where it’s unsophisticated, somebody just gave it to them.
However, the supreme court disapproved of Warner in State v. VanBebber, 848 So.2d 1046 (Fla.2003), which held that section 921.0026(2)Cj) is available for all felonies except capital felonies. Thus, whether a crime is committed in an unsophisticated manner is not dependent on the type of crime. The court’s reliance on Warner and its accompanying statements indicate that the trial court, may not have utilized the correct standard and analysis.
Accordingly, we reverse and remand for the trial court to reconsider the motion for downward departure in light of this opinion. See Ellis v. State, 816 So.2d 759 (Fla. 4th DCA 2002) (reversing where the trial court made statements indicating it was aware that sentencing was permissive but also made statements indicating it may have been under the mistaken impression that it lacked discretion); see also Shuler v. State, 947 So.2d 1259 (Fla. 5th DCA 2007) (Thompson, J., concurring).

Reversed and remanded for reconsidér-ation.

CIKLIN, C.J., and FORST, J., concur.