DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**SHERRY CROSSLEY-ROBINSON,**
Appellee.

No. 4D18-1393

[June 5, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas M. Lynch, V, Judge; L.T. Case No. 16-13124CF10A.

Ashley B. Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellee.

GROSS, J.

The State appeals a downward departure sentence imposed on Sherry Crossley-Robinson after she entered an open plea of no contest to one count of attempted robbery and four counts of robbery (no weapon). The plea encompassed five cases involving four victims; the defendant was accused of robbing and attempting to rob four different banks in the Fort Lauderdale area over a six-month period.

We reverse the sentence in lower court case number 16-13124CF10A because the record fails to support the statutory factor the trial court relied upon to downwardly depart.[1]

---

[1] As the State concedes, we have jurisdiction over only the one case mentioned in this paragraph. A notice of appeal was filed only in that case. No notices of appeal were filed for the other four cases, which were separately filed in the circuit court.

At a plea conference, the trial court advised the defendant that she faced a maximum of 15 years in prison for each count of robbery and a maximum sentence of 5 years for the attempted robbery. The court also told the defendant that the lowest permissible sentence under the scoresheet was 50.55 months in prison. The defendant stated that she understood and entered an open plea of no contest to all five counts, which the court accepted.

Next, the court addressed the defendant's motion for a downward departure sentence. One of the grounds raised for a downward departure was that the offenses were committed in an unsophisticated manner and were isolated incidents for which the defendant had shown remorse. *See* § 921.0026(2)(j), Fla. Stat. (2018). Another ground raised for a downward departure was that the defendant cooperated with the state to resolve the current offense or any other offense. § 921.0026(2)(i). After hearing testimony and argument, the circuit court determined that these grounds constituted valid statutory reasons to downwardly depart.[2] The court sentenced the defendant to 364 days in jail, followed by two years of community control and ten years of probation on each of the four robbery counts. For the single count of attempted robbery, the court sentenced the defendant to 364 days in jail, followed by two years of community control and two years of probation. All counts on all cases were ordered

---

[2] We agree with the State that the trial court did not decide to depart because the "defendant cooperated with the state to resolve the **current offense**." § 921.0026(2)(i) (emphasis added). Rather, it appears that the court followed the case law which holds that "[a] departure sentence is not warranted where a defendant merely cooperated after [the] offense was discovered because that cooperation did not solve a crime." *State v. Johnson*, 193 So. 3d 32, 35 (Fla. 3d DCA 2016) (internal quotation and citation omitted); *see also State v. Coleman*, 780 So. 2d 1004, 1005 (Fla. 4th DCA 2001) (cooperation not supported where defendant "did not cooperate with the police until after he was arrested and only after being confronted with incriminating evidence"); *State v. Wheeler*, 180 So. 3d 1117, 1120 n.1 (Fla. 5th DCA 2015) (defendant did not cooperate with the State to resolve the current offense where "[a]t the time the police questioned him, they were already aware of his crimes"); *State v. Bleckinger*, 746 So. 2d 553, 555-556 (Fla. 5th DCA 1999) (confessing after arrest and entering a guilty plea is not sufficient to constitute cooperation as a mitigating factor). Regarding the court's apparent finding that an incident regarding the defendant's child was a valid reason to depart, we hold that the defendant's telephonic reporting of a molestation of her child, a crime which she did not witness or participate in, and which predated some of her offenses, was insufficient to establish "cooperation" with the State under section 921.0026(2)(i).

to run concurrently.  The State timely objected to the downward departure sentence and renewed its arguments for the record.

As we explained in *DeSantis v. State*, 240 So. 3d 751, 752-53 (Fla. 4th DCA 2018):

> We apply a mixed two-part review when analyzing a downward departure sentence.  In the first step, the trial court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it.  In reviewing the first step, we must determine whether competent substantial evidence supports the trial court's ruling.
>
> In the second step, the trial court must decide whether to depart, i.e., whether departure is indeed the best sentencing option.  This requires the trial court to weigh the totality of the circumstances, including aggravating and mitigating factors.  We review this decision for an abuse of discretion, which occurs where no reasonable person would agree with the trial court's decision.

(Internal citations omitted).

*The offenses committed were not "isolated incidents" within the meaning of section 921.0026(2)(j)*

"A departure sentence may be imposed where the trial court finds that the 'offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.'" *Staffney v. State*, 826 So. 2d 509, 511 (Fla. 4th DCA 2002) (quoting § 921.0026(2)(j), Fla. Stat. (2001)).  "Thus, in order to support the downward departure based on this statutory factor, there must be competent substantial evidence that: (1) the offense was committed in an unsophisticated manner, (2) it was an isolated incident, and (3) the defendant had shown remorse." *Id.* at 511-12.  All three factors must be established to justify a departure under subsection 921.0026(2)(j).

The State does not dispute that the defendant has shown remorse for her crimes.  Because we concluded that the offenses in this case were not isolated incidents, we do not reach the issue of whether the crimes were committed in an unsophisticated manner.

"Neither the legislature nor the courts have established a bright-line rule for determining whether an offense is an isolated incident." *State v. Waterman*, 12 So. 3d 1265, 1268 (Fla. 4th DCA 2009). "Instead, the courts have set forth the standard that [a] defendant's extensive prior criminal record precludes a showing that an offense was an isolated incident." *Id.* (internal quotations and citation omitted). "An offense is not isolated if a defendant has an extensive prior criminal record." *Bellamy v. State*, 199 So. 3d 480, 483 (Fla. 4th DCA 2016). Crucial to this case, "[a]n offense also is not isolated if it involves multiple incidents." *Id.* (citing *State v. Strawser*, 921 So. 2d 705, 707 (Fla. 4th DCA 2006) ("We recognize that, as there were multiple incidents involving one of the victims over a period of several months, the isolated incident aspect . . . has not been met.")).

In this case, there were multiple bank robberies during a six-month period. Nevertheless, the defendant argues that these incidents were isolated, citing *State v. Randall*, 746 So. 2d 550 (Fla. 5th DCA 1999), and *State v. Merritt*, 714 So. 2d 1153 (Fla. 5th DCA 2010), where the fifth district found the offenses to be isolated even though there were multiple criminal incidents. However, *Randall* and *Merritt* are distinguishable from the present case because in those cases, the incidents took place within a short period of time. *See Randall*, 746 So. 2d at 552 (four separate sales of cocaine within a thirteen-day period to the same person were "isolated incidents, close in time."); *Merritt*, 714 So. 2d at 1153 (three sex acts involving a single victim were "isolated" because "they were something the defendant had never engaged in before, in his 25 year lifetime, and they took place in a relatively short span of time.").

Here, the incidents took place over a six-month period and involved four different victims, so they could not be considered "isolated incidents" within the meaning of the statute. *See Strawser*, 921 So. 2d at 707 (multiple incidents involving one of the victims over a period of several months not an isolated incident); *State v. Walters*, 12 So. 3d 298, 301 (Fla. 3d DCA 2009) (fifty separate money laundering transactions over the course of more than six months not isolated); *State v. Munro*, 903 So. 2d 381, 382 (Fla. 2d DCA 2005) (three incidents of molestation over a three-week span not isolated); *State v. White*, 894 So. 2d 293, 294 (Fla. 2d DCA 2005) (multiple sales of cocaine during a fourth-month time frame not isolated).

Because the criminal offenses here at issue were not "isolated incidents" under the statute, the trial court was precluded from relying on section 921.0026(2)(j) as the basis for a downward departure sentence.

We reverse the sentence in case number 16-13124CF10A and remand to the circuit court for resentencing.

TAYLOR and LEVINE, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***