DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**MASHAYLA MANEISHA PROPHET,**
Appellee.

No. 4D2024-1045

[October 1, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Sarah Willis, Judge; L.T. Case No. 502019CF007238D.

James Uthmeier, Attorney General, Tallahassee, and Sorraya M. Solages-Jones, Senior Assistant Attorney General, West Palm Beach, for appellant.

Jacob M. Noble of Noble Law, Palm Beach Gardens, for appellee.

WIGAND, CHRISTOPHER, Associate Judge.

Appellant, the State of Florida, appeals the trial court's entry of a downward departure sentence for Appellee, Mashayla Maneisha Prophet. Below, Prophet entered an open plea to one count of home invasion robbery with a firearm, where the lowest permissible scoresheet sentence was 79.8 months. The trial court granted her request for a downward departure and sentenced her to three years in prison followed by four years' probation. Because competent, substantial evidence does not support the statutory ground upon which the trial court relied, we reverse and remand for resentencing.

On the morning of July 30, 2019, the victim opened the rear door of his house to let out his dog and was immediately confronted by a masked man with a handgun. The masked man struck the victim in the head with his handgun, demanded the victim's safe, and pushed the victim toward his bedroom, where the safe was located. The masked man stole (among other things) the victim's safe, car, and a blue jacket in which the victim routinely stored money.

One of the only individuals who knew the layout of the victim's house was Prophet, who was the victim's estranged girlfriend and the mother of one of his children. Police later determined that the masked man was Prophet's new boyfriend.

Prophet voluntarily spoke with detectives and denied any knowledge of or involvement with the home invasion. Contrary to Prophet's statement, cell tower records reflected that her cell phone was within the cell tower sector of the victim's residence leading up to the robbery. She and her new boyfriend exchanged seventeen text messages before the robbery. Prophet's cell phone records also showed that she had called her new boyfriend while he was in the process of stealing the victim's vehicle. Later, police discovered that Prophet still had remote access to the victim's surveillance system.

Thereafter, Prophet was charged with home invasion robbery with a firearm, to which she entered an open plea. Prophet's scoresheet reflected the lowest permissible sentence of 79.8 months.

The State requested a ten-year prison sentence, arguing Prophet was the mastermind behind the crime and sought to inflict pain and terror upon the victim. The State noted she was near the victim's home when the robbery occurred, in constant communication with her new boyfriend during the robbery, and assisted in concealing or destroying evidence after the robbery.

Prophet requested a downward departure pursuant to section 921.0026(2)(j), Florida Statutes (2024), arguing: (1) she had committed the crime in an unsophisticated manner; (2) the crime was an isolated incident; and (3) she demonstrated remorse.

The trial court found that all three prongs were met and granted a downward departure to three years in prison followed by four years' probation. The State timely appealed.

We conclude competent, substantial evidence does not support the statutory ground upon which the trial court relied. As this Court has previously explained:

> A trial court's decision whether to depart from the guidelines is a two-part process. First, the court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground. Legal grounds are set forth in case law and statute and the facts supporting the ground must be proved by a preponderance of the evidence. This aspect of the court's decision to depart is mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling. Competent substantial evidence is tantamount to legally sufficient evidence, and the appellate court will assess the record evidence for its sufficiency only, not its weight.

Second, where the requirements set out above are met, the court must determine whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant. In making this determination, the court must weigh the totality of the circumstances in the case, including aggravating and mitigating facts. This decision is within the sound discretion of the court and will be sustained on review absent an abuse of discretion.

*Staffney v. State,* 826 So. 2d 509, 511 (Fla. 4th DCA 2002) (quoting *State v. Baksh,* 758 So. 2d 1222, 1224-25 (Fla. 4th DCA 2000)).

A trial court may impose a downward departure sentence if it finds the "offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." § 921.0026(2)(j), Fla. Stat. (2024). Competent, substantial evidence must support all three factors to downwardly depart under the statute. *See Staffney,* 826 So. 2d at 513. A downward departure is prohibited without such evidence. § 921.0026(1), Fla. Stat. (2024); *see also State v. Guerra,* 328 So. 3d 1002, 1005 (Fla. 4th DCA 2021) ("This court must reverse if it finds that any of the three elements are unsupported by competent substantial evidence.") (citing *Bellamy v. State,* 199 So. 3d 480, 482 (Fla. 4th DCA 2016)).

This Court has defined "sophisticated" as "having acquired worldly knowledge or refinement; lacking natural simplicity or naiveté." *Staffney,* 826 So. 2d at 512 (quoting *State v. Fleming,* 751 So. 2d 620, 621 (Fla. 4th DCA 1999)); *see also Bellamy,* 199 So. 3d at 483 (a crime is unsophisticated when the acts constituting the crime are "artless, simple, and not refined").

In assessing sophistication, courts do not consider the "type of crime," *see Bellamy,* 199 So. 3d at 484, or whether the crime was "executed as planned," *see State v. Anderson,* 352 So. 3d 352, 355 (Fla. 4th DCA 2022). Instead, courts consider the "planning that went into the crime," whether it involved "several distinctive and deliberate steps," or whether the defendant "lured and set up the victim." *See Bellamy,* 199 So. 3d at 483-84 (citation omitted).

Here, no competent, substantial evidence supports the trial court's finding that the robbery was unsophisticated. The stipulated facts from the probable cause affidavit established that Prophet engaged in extensive advance coordination with her new boyfriend, directing his actions before and during the robbery. More than two hours before he had entered the victim's house, they had exchanged seventeen texts discussing the plan. She also advised him on how and when to wake up the victim and gain entry into his house.

Prophet further instructed her new boyfriend as to where the safe was located and what specific items to take from the house. They called each other six times

in the minutes after the robbery. Prophet made two of those calls while her new boyfriend fled in the victim's car. Afterward, Prophet concealed evidence by deleting text messages from her phone and moving physical evidence from her and her new boyfriend's shared home. Additionally, Prophet attempted to mislead investigators by lying about her involvement with and knowledge of the crime.

In sum, because the trial court's finding that the robbery was committed in an unsophisticated manner is not supported by competent, substantial evidence, we vacate the downward departure sentence and reverse and remand for resentencing.

*Reversed and remanded.*

KUNTZ, C.J., concurs.
MAY, J., dissents with opinion.

MAY, J., dissenting.

I respectfully disagree with the majority's view of this case and dissent.

> A trial court's decision whether to depart from the guidelines is a two-part process. First, the court must determine whether it *can* depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1) . . . . This aspect of the court's decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling . . . .
>
> Second, where the step 1 requirements are met, the trial court further must determine whether it *should* depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case.

*Banks v. State,* 732 So. 2d 1065, 1067–68 (Fla. 1999) (footnotes omitted). This case concerns step one, whether there was a valid legal ground to depart.

Here, the trial court relied upon section 921.0026(2)(j), Florida Statutes (2024), to impose a downward departure. The trial court found the "offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." § 921.0026(2)(j), Fla. Stat. (2024). My view of the record supports the trial court's decision to downwardly depart.

Sophistication is in the eye of the beholder. The trial court, who listened to the testimony, found there was nothing sophisticated about this crime. True, as

the majority points out, the defendant conspired with the co-defendant to burglarize her ex-boyfriend's home. True, the defendant and co-defendant were in contact with one another before, during, and after the crime. But phone calls and texts are commonplace today and do not connote sophistication.

Here, the co-defendant woke the defendant up and said, "let's go." When they arrived at the victim's home, the co-defendant approached the front door. When the victim opened the door, the co-defendant assaulted him and went to the victim's safe. The defendant had provided the co-defendant with the safe's combination. The co-defendant stayed in contact with the defendant through phone calls and text messages.

At sentencing, the trial court heard testimony from a mitigation specialist. The specialist testified the defendant had faced "significant life challenges" in her youth, including frequent moves, being a teen mother, and getting kicked out of her mother's house three times. Notwithstanding, the defendant completed her education and maintained gainful employment.

The defendant's sister was killed in a street shootout as an "innocent bystander." This had "a severe and pervasive event that had a significant impact on [the defendant's] psychological functioning." And the victim had been "physically, emotionally, and financially abusive" to the defendant when they lived together. The defendant had no significant criminal history.

The co-defendant however had a lengthy rap sheet. He was a four-time convicted felon and had been arrested locally and federally for a wide variety of crimes, including armed robbery.

The trial court found the crime was "artless, simple and not refined." In fact, the trial judge referred to the defendant's participation as "completely unsophisticated." No "specialized tools no[r] extensive planning" were involved.

This record contains substantial competent evidence that the crime was committed in an unsophisticated manner, was an isolated incident, and the defendant showed remorse. In short, the record supports the trial court's findings and ultimate decision. I would affirm.

*     *     *

**_Not final until disposition of timely filed motion for rehearing._**